COLLIER and Another *v.* CONNELLY.

A married woman can not transfer her separate personal property without the consent of her husband.

It is not necessary, in order to evidence the husband's consent to the transfer of a promissory note, the separate property of the wife, that he should join in the indorsement; but such consent may be shown by other evidence.

APPEAL from the *Putnam* Common Pleas.

HANNA, J.—Suit by *Connelly*, assignee, on a promissory note, which is averred to have been executed to *Mary Cook*, and by her assigned to the plaintiff. The copy of the note also purports to have indorsed thereon the name of *Joseph Cook*. There is no averment showing the relation which he sustained. One paragraph of the answer alleges, that at the time of the attempted assignment, said *Mary* was, and continued to be, a married woman; that her husband should have joined, &c., and not having done so, that he and said *Mary* should have been made defendants. Reply to this paragraph. 1. A denial; 2. That *Joseph Cook*, the husband of *Mary*, concurred and joined in said assignment, and approved the same. Trial by the Court. Special finding of facts, and general finding for plaintiff.

It is specially found, that at the date of the assignment, namely, *February* 7, 1859, *Mary Cook* was a married woman. That her husband, *Joseph*, was present, assented to, and concurred in, said assignment, but did not indorse his name on said note until *March* 17, 1859; that the note was the separate property of said *Mary*. The trial was on *March* 21, 1859.

As it has heretofore been decided that the wife can not transfer her personal property without the consent of her husband, *Scott* v. *Scott*, 13 Ind. 227; *Ruse* v. *Cohran*, 10 *id*. 195, the question now presented is, whether that consent is here properly shown.

It is contended that the only legal mode of signifying such consent is by indorsement on the note. We can not concur in this view. By the statute, the title to her separate property is in the wife, in certain instances. We are of

Nov. Term, 1860.

opinion that she can, when she has acted in pursuance of that statute, transfer that title to another. As the husband does not, under the statute, possess such title as would enable him, by indorsement, to transfer the legal interest in such note, there can be no utility in such act, except to evidence his assent to the disposal of the note by the wife. It appears to us that other, as conclusive, evidence of such consent could be produced.

We are, therefore, of opinion that the facts pleaded, and found by the Court, in that respect, authorized the judgment.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*D. E. Williamson*, for appellee.