## MOREAU ET UX. *v.* BRANSON.

PROMISSORY NOTE.—*Copy of Indorsement.*—A complaint on a promissory note against the indorsers is not sufficient without a copy of the indorsement, which is the foundation of the action.

MARRIED WOMEN.—*Indorsement of Note.*—A married woman may, with the consent of her husband, transfer her title to a promissory note, and for that purpose may indorse such note, but she cannot bind herself by the contract to a liability on the note.

APPEAL from the Hancock Common Pleas.

WORDEN, C. J.—This was an action by the appellee against the appellants, upon an indorsement by the defendants to the plaintiff of two promissory notes, executed by one Robert Allison to defendant Minnie Moreau. A copy of the notes is set out, but no copy of the indorsements. The notes bore date November 13th, 1867, and are due at six months. This suit was commenced August 26th, 1868.

It is not averred that any action has been brought against the maker of the notes, but it is averred "that said Robert Allison now is, and long has been, notoriously insolvent, and that he has no property subject to execution whereof he can collect this claim; that the said defendants have often requested him, the plaintiff, not to bring suit upon said notes, as they would pay the same; wherefore he has not brought suit upon the same sooner."

The defendants demurred to the complaint, for the want of a statement of facts sufficient, etc., but the demurrer was overruled, and the defendants excepted.

The defendants answered jointly by the general denial; and each answered separately in one paragraph, to each of which a demurrer was sustained, and they severally excepted. We do not understand from the brief of counsel for appellants that they complain of error in the ruling upon the demurrer to the separate answer of Will C. Moreau; therefore no further notice need be taken of it.

Minnie's answer alleged that, at the time the notes were executed to her, and at the time she indorsed the same to

the plaintiff, she was, and still is, a married woman, the wife of her co-defendant.

Trial by the court; finding and judgment for the plaintiff.

We are of opinion that the complaint was bad, and that the demurrer thereto should have been sustained.

The indorsements of the notes constituted the foundation of the action.   They were the contracts sued upon; and in such case they should be set out by original or copy. *Tread-way* v. *Cobb*, 18 Ind. 36; *Seawright* v. *Coffman*, 24 Ind. 414.

Again, the averments of the complaint seem to be insufficient to excuse a want of diligence to collect of the maker. For aught that appears in the complaint, Allison, the maker of the notes, may have had property at or after the maturity thereof, out of which they could have been collected, had suit therefor been prosecuted with diligence.   The averments as to his insolvency and want of property are confined to the time of the institution of this suit, more than three months after the maturity of the notes; except that it is averred that he had long been notoriously insolvent.   A "long" time is so indefinite a period of time, that the statement adds little, if anything, to the other averments.   This objection to the complaint, however, need not be passed upon, as it will have to be held bad, on the ground above stated; and when the cause goes back, such amendments can be made as may be desirable.

We are also of the opinion that the separate answer of Mrs. Moreau was a good bar to the action as against her; and, therefore, that the demurrer thereto should have been overruled.   It may be observed that there is nothing in the complaint charging that by the contract of indorsement she undertook to bind or create a charge upon her separate estate, or, indeed, that she had any such estate; even if by such contract she could bind her separate estate.   The form of the complaint was not such that anything but a personal judgment could be rendered thereon.

As a general rule, a married woman is incapable, in law, of making a contract.   To this rule there are exceptions; as

she may make some contracts in reference to her separate estate, which will create a charge thereon. See the cases of *Kantrowitz* v. *Prather*, 31 Ind. 92, and *Lindley* v. *Cross*, 31 Ind. 106, where questions of this character are ably and thoroughly considered. See, also, *Hasheagen* v. *Specker*, 36 Ind. 413.

Again, a married woman may, with the consent of her husband, make a contract for the sale of her personal property. We mean an executed contract; one by which the title passes to the purchaser. Whether she could make an executory contract that would bind either her or the property, we need not decide.

This power to sell with the consent of the husband arises from the statute, which secures her personal property to her "to the same extent, and under the same rules," as her real estate; and as she may convey her real estate with the consent of her husband, so, therefore, may she her personal estate. A promissory note is personal property, which a married woman may sell with the consent of her husband. *Reese* v. *Cochran*, 10 Ind. 195; *Scott* v. *Scott*, 13 Ind. 225; *Collier* v. *Connelly*, 15 Ind. 141. As she may sell a promissory note, she may do every thing that is necessary to vest the title, legal as well as equitable, in the purchaser; and, hence, for the purpose of transferring the title, she may indorse the note. Her husband need not indorse with her, as his assent may be otherwise manifested. *Collier* v. *Connelly*, *supra*.

But a married woman cannot bind herself by any covenants in a deed which she may make; nor can she bind herself by any indorsement of a promissory note, beyond the vesting of the title in the purchaser. Her indorsement vests in the indorsee whatever title she had; and further than this, she is not authorized, either by the common law or statute, to bind herself by indorsement. She is not liable to the indorsee upon the dishonor of the note. Her indorsement, which can only be made for the purpose of transferring the paper, carries with it none of the warranties that attach to

indorsements when made by persons laboring under no disabilities.

The judgment below is reversed, with costs.

*W. R. Pierse; H. D. Thompson, C. Butler, J. L. Mason,* and *C. G. Offutt,* for appellants.