Goodall *v.* Mopley *et al.*

———————⊕———————

## GOODALL *v.* MOPLEY ET AL.

MORTGAGE.—*Foreclosure.*—*Parties.*—A debtor executed one mortgage to several different creditors. After maturity of all the claims, a part of the mortgagees foreclosed without making a certain other mortgagee a party to the proceeding. After the decree and before a sale of the property under it, the latter commenced his action to foreclose the mortgage, making the debtor and all the other mortgagees parties.

*Held,* that the foreclosure proceeding to which he was not made a party did not affect his rights under the mortgage.

*Held,* also, that he could maintain his action, and in it have his rights and those of the other mortgagees determined.

*Held,* also, that the mortgage secured all the claims which it included, without regard to the time of their maturity.

COMPLAINT.—*Prayer.*—That a plaintiff is not entitled to the relief specially prayed for, is no ground of demurrer to the complaint. The prayer is only matter of form and, when a cause of action is stated, cannot be reached by demurrer.

From the Tipton Common Pleas.

*A. P. Stanton*, *J. R. Troxell*, and *W. R. Manlove*, for appellant.

*J. Green* and *D. Waugh*, for appellees.

OSBORN, J.—On the 7th day of January, 1869, Cornelius Barlow executed several notes to different persons for dif-

ferent sums, and payable at different times. On the 20th day of April, of the same year, he and his wife, and William Barlow, executed a mortgage upon certain real estate in Tipton county, to the several holders of those notes to secure their payment. The mortgage described the notes, giving their dates, amounts, times of payment, and the names of the payees. There were ten or eleven different holders of notes and, of course, as many mortgagees. The mortgage was acknowledged before a notary public of Tipton county, and recorded in the record of mortgages of that county, on the 16th day of June, 1869.

After the execution of the mortgage, Samuel H. Taylor became the purchaser of the mortgaged property, and as a part of the purchase-money, assumed to pay off and discharge the unpaid notes secured by the mortgage.

Amongst the notes secured by the mortgage, was one to J. B. Chappens, due one year after date, for six hundred dollars, with interest at six per cent. That note was endorsed to the appellant. Taylor, the purchaser of Barlow's interest in the real estate, paid to the appellant at three different times the sum of two hundred and seventy-five dollars. The remainder of the note held by him is unpaid.

After the execution of the mortgage, Jacob Carr, one of the mortgagees, died, and Jonathan B. McLucas was appointed administrator of his estate. Certain of the mortgagees have been paid the full amounts of their claims secured by the mortgage, but have failed to release the mortgage of record.

On the 23d day of March, 1872, McLucas, as administrator of the estate of Carr, and several others of the holders of notes secured by the mortgage, filed a complaint and commenced an action in the Tipton Common Pleas for the foreclosure of the mortgage, without making the appellant or Chappens a party, but averring in the complaint that the note payable to Chappens and then held by the appellant, as his assignee, had been fully paid, and that the mortgagees not made parties had no interest therein. Neither Chappens nor

the appellant had any notice or knowledge of the pendency of the foreclosure suit. Such proceedings were had in the action, that on the 21st day of June, 1872, a decree was rendered, foreclosing the mortgage and ordering a sale of the mortgaged property, for the payment of the amounts found to be due to the several plaintiffs in that action, and that after the payment of costs, the remainder of the amount realized from the sale should be paid to the several parties in proportion to the amount of their claims, each receiving his *pro rata* share.

An order of sale was issued on the decree of foreclosure, and placed in the hands of the sheriff of the county for execution.

After the order of sale was placed in the hands of the sheriff and before sale under it, the appellant filed a complaint setting forth the facts hereinbefore stated; and in addition, it was alleged that the amounts found to be due the several parties plaintiffs in the decree of foreclosure exceeded the true amounts due to them, and that as to two of the parties in whose favor the decree was rendered, there was nothing due to them, the whole amount of the notes held by them having been fully paid. The facts alleged show that the sheriff had not made any sale of the mortgaged premises. The averment in the complaint is as follows: "Said sheriff is now proceeding to execute said copy of said decree according to the statute in such case made and provided." The parties in whose favor the decree was rendered, all the mortgagees in the mortgage, together with Taylor, the purchaser of Barlow's interest, and the sheriff of Tipton county, were made defendants to the action.

The prayer was for judgment against Barlow and wife, the mortgagors, for the amount due upon his note; that out of the proceeds of the sale of the mortgaged premises, the appellant and the parties who procured the decree of foreclosure be paid *pro rata* upon the amounts respectively due to them and which matured one year after the date thereof, and that the sheriff be restrained from paying over to the defendants, who

procured the decree, or otherwise disposing of the *pro rata* share of the proceeds of the sale of the mortgaged premises so claimed by the appellant, and for general relief. Copies of the note to Chappens and the mortgage were filed with the complaint.

The complaint was sworn to by 'one of the attorneys of the appellant.

The two Overmans, Young, and Green, four of the mortgagees, together with Taylor, filed disclaimers. It was ascertained that William Barlow had no interest in the action, and the action as to them was dismissed.

Cornelius Barlow was defaulted and judgment taken against him for the amount found to be due upon the note. The other parties to the action, who are the appellees, filed a demurrer to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action, which was sustained, an exception taken, and final judgment rendered against the appellant on the demurrer, and for costs.

The error assigned is in sustaining the demurrer to the complaint.

The mortgage was given to secure all the claims which it included, without regard to the time of their maturity. The cases in which it has been held that where a mortgage was given to secure several notes payable to the same person, falling due at different times, it is to be regarded as a separate mortgage for each note, cannot be extended so as to be applicable to a mortgage given to secure claims held by several persons.

The claims were all due when the complaint was filed by the appellees to foreclose the mortgage, and the holders were all proper parties to that action. The appellant, though a holder of one of the notes secured by the mortgage, was not made a party. After the judgment of foreclosure, and before sale under it, he filed his complaint and commenced his action against the appellees, and all the other parties to the mortgage, and all others having an interest in the mortgaged property. The decree of foreclosure has not affected

his rights under the mortgage. *Murdock* v. *Ford*, 17 Ind. 52. He had a right to file his complaint to foreclose and make all persons interested parties. This he did,, charging amongst other things, that the decree in favor of the appellees was for too much. He not only had a right to make them parties, but he had a right to dispute the amount of their claims.

Perhaps the appellant was not entitled to the relief as specially prayed for, but that is no ground for a demurrer. It is only a matter of form, and where a cause of action is stated, cannot be reached by demurrer. *Lowry* v. *Dutton*, 28 Ind. 473; *Bennett* v. *Preston*, 17 Ind. 291; *The Cincinnati*, *etc.*, *R. R. Co.* v. *Washburn*, 25 Ind. 259; *Stuyvesant* v. *The Mayor*, *etc.*, 11 Paige, 414, 430.

We decide nothing as to the right of the appellant to share in the proceeds of the sale under the decree of foreclosure obtained by the appellees, for the reason that the question does not arise in the case. The property had not been sold when this action was commenced. On the facts alleged in the complaint, the appellant was entitled to foreclose the mortgage, to make the amount due on the note held by him, and to make the appellees parties to the action, to bring all persons claiming an interest in the subject-matter of the action before the court, and have every thing connected with, or affecting it, adjudicated and settled. The decree rendered in favor of the appellees did not bind him. The authorities are numerous and uniform on this question.

The judgment is reversed, with costs; cause remanded, with instructions to overrule the demurrer to the complaint, and for further proceedings.