## BAKER ET AL. *v.* ARMSTRONG.

MARRIED WOMAN.—*Promissory Note and Mortgage.—Equitable Assignment of.*—A married woman, with the consent of her husband, may make an equitable assignment of a note and mortgage executed to her, by the sale and mere delivery of the same to another.

PRACTICE.—*Pleading.—Defective Prayer for Relief.—How Objected to.*—An objection to a defective prayer for relief must be presented, not by demurrer, but by a motion to make the pleading more specific.

MORTGAGE.—*Foreclosure.—Record.—Supreme Court.*—Where, in an action to foreclose a mortgage on real estate, judgment is rendered by default against a party made defendant to answer as to his interest in the mortgaged premises, he can not complain thereof, on appeal to the Supreme Court, if the record does not disclose that he had any interest therein.

SAME.—*Mistake.—Action to Reform.—Presumption.*—Where, in an action to reform and foreclose a mortgage on real estate, to which several successive holders, under the mortgagor, of the equity of redemption are made parties, the Supreme Court, on appeal, where the evidence is not in

the record, and where, under the pleadings, all the equities between the parties might have been given in evidence, will presume in favor of the record.

From the Clinton Circuit Court.

*J. N. Sims,* for appellants.

*R. P. Davidson* and *J. C. Davidson,* for appellee.

PERKINS, C. J.—Suit to foreclose a mortgage, and to correct mistakes in the mortgage and in the note intended to be secured by it.

The suit was by James K. Armstrong, against Washington S. Baker, Nancy J. Davidson, David Davidson, Christopher S. Hiatt and Jacob Stroup.

Baker was the maker of the note and mortgage; Nancy J. Davidson was the payee and the grantor of the land intended to be embraced in it, to Baker. David Davidson was her husband. Hiatt was the grantee of Baker, and Stroup of Hiatt. Possession was taken by each of the purchasers upon the purchase.

Armstrong, the appellee, the plaintiff below, is the equitable assignee of the note and mortgage, the same having been transferred to him by the Davidsons, and he prosecutes this suit against all the parties supposed to be interested in the property.

The defendants Nancy J. Davidson, David Davidson and Christopher S. Hiatt made default.

Baker and Stroup defended. They severally demurred to the complaint, and their demurrers were overruled, and exceptions saved.

They severally answered.

Replies were filed. Issues were formed, and were tried by the court, and a finding made for the plaintiff. A decree was rendered pursuant to the finding, and no exception was taken to it by the parties present in court. No motion in writing for a new trial was filed, and the evidence is not in the record.

The first point made by the appellants is, that the plain-

tiff had no title to the note and mortgage, for the reason that a married woman, with the consent of her husband, could not make an equitable transfer of the note and mortgage by sale and delivery of the same to the purchaser. *Moreau* v. *Branson*, 37 Ind. 195, and *Cox's Adm'r* v. *Wood*, 20 Ind. 54, settle this point. She could make such transfer.

The second point made is, that the complaint is bad for want of a sufficient prayer.

In *Bennett* v. *Preston*, 17 Ind. 291, a demurrer for want of sufficient facts was filed, and, on argument, the objection made was, want of a sufficient prayer. The court said :

" The first cause of demurrer was not available, because the complaint made a case for some kind of relief. And a demurrer under the fifth subdivision of section 50 of the code, (2 R. S., p. 38,) viz., that the complaint does not state facts sufficient, etc., will be overruled, if on the facts stated the plaintiff is entitled to any relief whatever, although not that demanded. *Stuyvesant* v. *The Mayor*, *etc.*, 11 Paige, 414 ; Voorhies' Code, *supra*. Defect in the prayer for relief is not ground of demurrer, but for a motion to make more specific." *Goodall* v. *Mopley*, 45 Ind. 355. See 2 R. S. 1876, p. 188, sec. 380, and notes.

In this case, facts were stated making a valid complaint.

As to the defendant Hiatt, the complaint alleged, that it was understood that he had some interest in the land mortgaged, and he was made a party that he might answer touching his interest, if any he had. As we have seen, he failed to answer, and the record does not disclose that he had any interest. It shows that at one time he might have had, but that he had parted with it, if he had any;—whether by quitclaim deed, or otherwise, does not appear; nor does it appear that he had paid any thing on the land. Nothing appears in the record showing any error of which he can complain.

The Davidsons did not appeal.

As to the defendants Baker and Stroup, they severally filed six paragraphs of answer, to which there were replies, forming issues involving all material questions that could arise in the cause, and under which evidence was admissible, elucidating all points touching the transactions between all the parties, and disclosing the facts as to notice, the *bona fides* of the transfers, and all the equities between the parties. See *Conwell* v. *Clifford*, 45 Ind. 392.

The evidence not being in the record, we presume in favor of the correctness of the decree rendered.

The judgment is affirmed, with five per cent. damages and costs.