Paulman *et ux. v.* Claycomb.

No. 8054.

## PAULMAN ET UX. *v.* CLAYCOMB.

PROMISSORY NOTE.—*Right of Holder to Collect.*—The possession of a promissory note by a reputable person, other than the payee, is *prima facie* evidence of the authority of such person to collect it, whether it is endorsed by the payee in writing or not.

SAME.—*Evidence.—Presumption.—Practice.*—Where the evidence for and against the authority of the holder of a promissory note to receive payment is equally balanced, the presumption arising from the possession thereof is sufficient to furnish a preponderance in favor of the authority of such holder to receive payment.

PRACTICE.—*Objections to Interrogatories.—Bill of Exceptions.—Supreme Court.*—Objections to an interrogatory propounded by the court to a jury must first be presented to the trial court, and its ruling preserved by a bill of exceptions, in order to make such objections available in the Supreme Court.

SAME.—*Improper Argument of Counsel.—Change of Venue.—Instruction.—Presumption.*—Where, on the trial of a cause on a change of venue from another county, that fact is alluded to by counsel in the argument to the jury, it is not error for the court to instruct the jury that such allusion was improper; and where the record on appeal does not disclose what was said by counsel, nor who said it, the Supreme Court can not presume that what was said was said by appellant's counsel, or was properly said by them, or that the appellant was injured by such instruction.

Paulman *et ux. v.* Claycomb.

MARRIED WOMAN.—*Separate Property.*—*Consent to Transfer.*—*Instruction.*—*Husband and Wife.*—Upon the trial of an action by a married woman to foreclose a mortgage executed to her, in which the question arose as to whether she had agreed or consented to a transfer of the notes secured thereby to a creditor of her husband, to whom the payee alleged he had paid the notes, the court instructed the jury that a married woman "can not be divested and deprived of her notes or other property by her husband or any one else, without her agreement *and* consent."

*Held,* that "or" and not "and" should have connected the words "agreement" and "consent" in such instruction.

SAME.—*Consent of Husband to Transfer of Wife's Personal Property.*—*Case Distinguished.*—Prior to the act of March 25th, 1879, Acts 1879, p. 160, under the law in this State, a married woman could not transfer her separate personal property except by the consent of her husband, but it was not necessary that such transfer should be by deed in which the husband should join; and, when the consent of the husband was obtained, it was not material how such consent was evidenced. *The American Ins. Co.* v. *Avery,* 60 Ind. 566, distinguished.

From the Spencer Circuit Court.

*C. H. Mason, S. B. Hatfield, G. L. Reinhard, W. L. Lamb, C. Worral* and —— *Meyers,* for appellants.

*C. A. DeBruler, E. R. Hatfield* and *W. Henning,* for appellee.

BEST, C.—This action was brought by the appellee to foreclose a mortgage made by the appellants to her to secure the payment of two notes, one of $300 and the other of $400, both of which had matured when the suit was commenced.

The appellants answered :

1st. Payment generally.

2d. That the appellee, with the consent of her husband, delivered the notes for collection to one James Casey, to whom they paid them.

3d. That Stephen Claycomb, the husband of the appellee, was indebted to the firm of Reynolds & Casey in the sum of $777.25, and was, with the appellee and their family, about to remove from this State to Arkansas ; that, to secure the pay-

VOL. 75.—5

Paulman *et ux.* v. Claycomb.

ment of this debt, Reynolds & Casey threatened to attach their goods, and, to avoid this, the appellee, with the consent of her husband, delivered the notes to Reynolds & Casey, with authority to collect the same and apply the proceeds in payment of their claim ; that while they thus held the notes the appellants paid them.

4th. That the appellee, with the consent of her husband, transferred, by delivery, the notes to the firm of Reynolds & Casey, to whom the appellants paid them while they so held them.

The appellee replied in denial.

The issues thus formed were twice submitted to a jury in Perry county, each of which disagreed. The venue was then changed to Spencer county, the issues again submitted to a jury, and a verdict returned for the appellee for $774.90. A motion by appellants for a new trial, upon written reasons filed, was overruled, an exception reserved, and a judgment entered upon the verdict. From this judgment the appellants appeal, and assign as error the order of the court in overruling their motion for a new trial.

The evidence is in the record, and tends to show that the appellants paid the notes to Reynolds & Casey, to whom the husband of the appellee, without her indorsement, had transferred them as security for the payment of his debt to them. Such payment was made to them while they had possession of the notes, and the principal question of fact was, whether the appellee had authorized her husband to make such transfer. If she had, the payment of the notes by the appellants to Reynolds & Casey, while they thus held them, would extinguish them, and constitute a complete bar to the suit. There was testimony tending to show that she had either authorized or consented to such transfer, and testimony also tending to show that she had done neither. With this evidence before the jury, the court was requested by the appellants, at the proper time, to instruct them as follows :

Paulman *et ux. v.* Claycomb.

"The possession of notes in the hands of reputable persons, other than the payee, is *prima facie* evidence of the authority of such person or persons to collect the same, whether the said notes are indorsed by the payee in writing or not."

This instruction is a correct statement of the law upon the subject, was applicable to the case made, and should, therefore, have been given. The disputed question of fact was the authority of Reynolds & Casey to receive payment of the notes. This the appellants asserted, and this the appellee denied. To establish the defence, it was necessary for the appellants to prove it, but this they might have done, in the absence of other evidence, by simply showing that Reynolds & Casey had possession of the notes when they paid them. Possession of the notes, *prima facie,* entitled them to the money. *Bush* v. *Seaton*, 4 Ind. 522; *Tam* v. *Shaw*, 10 Ind. 469; *Kimball* v. *Whitney*, 15 Ind. 280; *Mahon* v. *Sawyer*, 18 Ind. 73.

There was, however, other evidence for and against the authority of Reynolds & Casey to receive payment of the notes, but with this evidence the appellants were entitled to the benefit of such presumption as the possession of the notes by Reynolds & Casey raised. If the evidence for and against the alleged authority of Reynolds & Casey, aside from the possession of the notes, was equally balanced, the presumption of such authority arising from the possession of the notes was sufficient to furnish a preponderance in favor of appellants, though the burthen was upon them, and therefore they were entitled to have the jury instructed as requested.

The appellee's counsel insist there is no error in refusing to give this instruction, for the reason that the same point is covered by other instructions, but they do not point out any other instruction that covers this point, and, after a careful examination of all the instructions given, we are unable to find one upon this subject.

The appellant complains of an interrogatory propounded

by the court, asking the jury whether the appellee "agreed and consented" that her husband should turn over the notes in suit to Reynolds & Casey as collateral security for the payment of his debt to them.  In the language of the record, the appellants "excepted to the giving of this interrogatory," without objecting to its form or its pertinency, and all objections urged are made for the first time in this court.  This can not be done.  Such objections must be presented to the lower court, and its ruling preserved by bill of exceptions, in order to make them available here.  Again, as the general verdict was for the appellee, and no ruling was made upon the answer to the interrogatory, we are unable to perceive how it could have injured the appellants.

They also claim that the court prejudiced their case by instructing the jury as follows :

"It has been alluded to in argument that this case has been brought by change of venue from Perry county.  This is all improper.  That is not the question you are sworn to try.  You are sworn to well and truly try the issues joined in this case between these parties, according to law and evidence, and a true verdict give thereon."

The record does not disclose what was said to the jury, nor who said it, and, therefore, this court can not presume that what was said was said by the appellants, or was properly said by them, or that they were injured by an instruction that seems to us to have been eminently proper if anything at all was said upon the subject.

The court said in the latter clause of the eighth instruction, that a married woman "can not be divested and deprived of her notes or other property by her husband or any one else, without her agreement and consent."

The objection urged to this instruction is that "or" and not "and" should have connected the words "agreement" and "consent," and we are of opinion that the instruction, as applicable to the facts in this case, is subject to this criticism.

Some other rulings are discussed by the appellants, but, as none of them will necessarily arise upon another trial, they will not be considered.

The appellee insists that a married woman in this State can not transfer her personal property except by deed, in which her husband shall join, and as no such transfer was made in this case, the judgment should, therefore, be affirmed.

This conclusion is reached by assuming that, since a married woman can not encumber or convey her lands "except by deed, in which her husband shall join," and since her personal property, "held by her at the time of her marriage, or acquired during coverture by descent, devise, or gift," remains her property "to the same extent and under the same rules as her real estate," therefore she can not transfer it "except by deed, in which her husband shall join."

In this we do not concur. The lands of a married woman are hers by statute, as fully as if she were unmarried, and so is her personal property, held or acquired as prescribed by the statute. Both are hers absolutely. She can not, however, encumber or convey the former without her husband's consent, and as she holds the latter "under the same rules" as the former, a reasonable construction of the statute will prohibit her from encumbering or conveying the latter without her husband's consent. Her ownership of both is absolute, but there is a limitation upon her power of disposition. This limitation is the consent of the husband. With it her right to encumber or convey either is as ample and complete as though she were unmarried. Here the analogy ceases. When the consent is obtained, how shall it be evidenced? In encumbering or conveying real estate by deed, the statute is explicit, and needs no construction. If a reason were wanted, however, for the rule prescribed by the statute, it will be found in the fact that the appropriate method of conveying the husband's contingent interest in the lands of the wife, and of preserving the evidence

of the title, is by deed. The statute, however, does not in terms require the personal property of the wife to be transferred by deed, nor do we think it should receive such construction. The husband's consent is the only limitation imposed, and, when it is obtained, it is immaterial how evidenced. The profits of her real estate and her personal property, acquired as above, remain her separate estate, which she may, with the consent of her husband, dispose of at pleasure, and to construe the statute so as to require the sale of the profits of her lands, such as apples, peaches, pears, hay, grain, and other personal property owned by her, to be by deed, in which the husband shall join, would be practically placing an additional limitation upon her power of disposition, and would render the transfer of such property so inconvenient as to greatly diminish its value. In the case of *Collier* v. *Connelly*, 15 Ind. 141, which was a suit upon a note by the assignee of a married woman, whose husband had not indorsed the note, but who was present and consented to such assignment, the question arose whether his consent could be shown otherwise than by an indorsement of the note, and it was held that it could, and that such an assignment was valid. This case was cited and approved in *Moreau* v. *Branson*, 37 Ind. 195 ; and in *Baker* v. *Armstrong*, 57 Ind. 189, it was held that a married woman, with the consent of her husband, could make an equitable assignment of a note and mortgage. This has been the rule for more than twenty years, and we know of no good reason to depart from it. Nor is there anything in the case of *The American Ins. Co. of Chicago* v. *Avery*, 60 Ind. 566, in conflict with this conclusion. It was there said that a married woman has no power to encumber or convey her "separate estate" except by deed in which her husband shall join. The question in that case was whether the appellee had encumbered her real estate, and the court, in using the phrase "separate estate," was speaking of her real, and not of her

personal property, and, therefore, that case can not be construed as holding that a married woman can not encumber or convey her personal property, except by deed, etc., as the appellee insists. Since the act of March 25th, 1879, a married woman may convey her separate personal estate as if she were sole; but this statute does not apply, as this transaction occurred before its passage.

For the failure of the court to instruct as requested by the appellants, we think the case should be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be, and it is hereby, in all things, reversed, with directions to grant a new trial, at the costs of the appellee.