Filed March 4, 1884.

———◆———

No. 11,257.

MATHES v. SHANK ET AL.

PROMISSORY NOTE.—Endorsement by Married Woman.—Liability of Assignor.— Act of March 25th, 1879. — Construction of Statute. — At common law, the assignment or endorsement of a promissory note, by a married woman, simply operated to transfer her title to the note to the assignee or endorsee thereof. But where, after "An act concerning married women," approved March 25th, 1879, took effect and while it remained in force, a married woman assigned by endorsement a promissory note, negotiable under the statute and not by the law merchant, she and her separate estate, real and personal, are liable on her contract of assignment, "the same as if she were sole," upon execution or other judicial process; and no subsequent change, modification or even repeal of the provisions of such act will affect or impair the obligation of her contract of assignment.

From the Morgan Circuit Court.

C. E. Davis, J. H. Jordan and O. Matthews, for appellant.

HOWK, C. J.—This cause was submitted to the court for trial, upon the issues joined, and, at the request of the parties, the court made a special finding of the facts, and stated its conclusions of law thereon, as follows:

" On the 15th day of September, 1880, Levi R. Bradley made his promissory note to Hannah Mathes (the appellant), promising to pay to her order, on or before the 29th day of October, 1881, $541.80, value received, without relief from valuation or appraisement laws, without interest; and said Bradley also executed a mortgage to said Hannah on eighty ·acres of land in Brown county, Indiana, to secure the payment of said note. On the 20th day of September, 1880, Hannah Mathes sold and assigned said note, by endorsing her name thereon, to James S. Coleman, and received therefor of said Coleman a deed of a house and lot in the town of Morgantown, Morgan county, Indiana, and the possession thereof, of the value of $450, and merchandise of the value of $75, making the sum of $525, received for her said endorsement ·of said Coleman, all of which she converted to her own use. Hannah Mathes, when said note was executed to her and when she sold and endorsed the same to said Coleman, was and still is a married woman, and resided with her husband ·on her own farm; and she was not carrying on, or engaged in, any special or separate business, when she so endorsed .said note.

" The merchandise she received of Coleman was to be used ·in her family; and the house and lot she received of him, .she intended to use as a residence, but, after holding it for a time, she sold it. Said Bradley was indebted to her for land .she sold him, and executed to her the said note therefor. On ·the 1st day of October, 1880, Coleman endorsed said note for its par value to the plaintiffs Ellen and James R. Shank. When such note became due, the plaintiffs Shank and Shank brought suit against said Bradley in the Brown Circuit Court, and obtained judgment against him for $547.66 due on such note, with $54.25 costs, collectible without relief from valuation or appraisement laws, and for the foreclosure of said mortgage and an order to sell said eighty acres of land to satisfy the same. Upon proper execution the land was duly sold for the sum of $100, which was applied on said judg-

ment and costs, and said execution was returned no other property found on which to levy.

"In this action, judgment was rendered in favor of the plaintiffs Shank and Shank, against the defendant Coleman, on the 16th day of December, 1882, in his lifetime, for the sum of $531.50, which judgment has not been paid to the plaintiffs by Coleman in his lifetime, or by his administrator, but it is a prior lien on such real estate of Coleman, as absolutely secures it. Said Bradley, the maker of said note, at no time after its execution, had any property other than the mortgaged land, out of which said debt or any part thereof could be made. Hannah Mathes has paid nothing to the plaintiffs, or said Coleman or his estate, on account of her endorsement of said note."

Upon the foregoing facts, the court stated its conclusions of law as follows:

"The defendant Hannah Mathes is bound by her assignment or endorsement of said note to said Coleman and to the plaintiffs, as the assignees of said Coleman, for so much as could not be made by proper action and diligence off of said Bradley and the land mortgaged by him to secure said note; that the plaintiffs recover of the defendant Hannah Mathes the sum of $525, being the amount received by her for said note and mortgage of said Coleman, less the amount realized on said foreclosure against said Bradley, with interest accrued thereon, to be collected without relief from valuation or appraisement laws; and that if the estate of said Coleman shall pay plaintiffs their said judgment against said Coleman, then execution shall issue against the defendant Hannah Mathes, for the benefit of said estate, and all collections thereon shall enure to the benefit of said estate."

Over the exceptions of the appellant, Hannah Mathes, to each and all of said conclusions of law, the court rendered judgment thereon against her, in favor of the appellees Ellen and James R. Shank, and a conditional judgment in favor

of the appellee Isaac Knight, administrator of the estate of said James S. Coleman, deceased.

This suit was brought by the appellees Ellen and James R. Shank, as the assignees of a promissory note not payable to order or bearer in a bank in this State, against James S. Coleman, as their immediate assignor, and the appellant, Hannah Mathes, as their remote assignor, of such note, under the provisions of section 5504, R. S. 1881, in force since July 5th, 1861. There was, certainly, a misjoinder of causes of action in the plaintiffs' complaint, but as such misjoinder, under section 344, R. S. 1881, affords no ground for the reversal of the judgment, we need not further notice it. As between the appellant, Hannah Mathes, and the appellees Ellen and James R. Shank, the controlling question for decision, in this case, is based upon the fact found by the trial court, that at the time Hannah Mathes assigned, by endorsement, the note of Levi R. Bradley to her co-defendant James S. Coleman, she was and had been since a married woman, and resided with her husband on her own farm. At the time Bradley executed such note to the appellant, Hannah Mathes, or order, and at the time she assigned the note, by endorsement, to her co-defendant Coleman, "An act concerning married women," approved March 25th, 1879, was the law of this State, and defined, to the extent specified therein, the rights, powers and liabilities of a married woman. The act in question contained no repealing clause or section, but in so far as its provisions were inconsistent, or in conflict, with the existing laws of this State, whether of common law or statutory origin, it repealed by necessary implication so much, and so much only, of such existing laws. Haas v. Shaw, 91 Ind. 384; Frazer v. Clifford, ante, p. 482.

Before and at the time the above entitled act of March 25th, 1879, took effect and became a law, to wit, on May 31st, 1879, the common law rule that a married woman is incapable of binding herself by an executory contract, and that any such contract made by her during coverture, whether in writ-

Mathes *v.* Shank *et al.*

ing or by parol, is absolutely void at law, was the law of this State, recognized and acted upon in numerous decisions of this court. *O'Daily* v. *Morris*, 31 Ind. 111 ; *American Ins. Co.* v. *Avery*, 60 Ind. 566; *Godfrey* v. *Wilson*, 70 Ind. 50; *Liberty, etc., Association* v. *Watkins*, 72 Ind. 459 ; *Eberwine* v. *State, ex rel.*, 79 Ind. 266 ; *Parks* v. *Barrowman*, 83 Ind. 561.

While this common law rule prevailed in this State, and prior to May 31st, 1879, when the aforesaid act of March 25th, 1879, took effect and became a law, the assignment or endorsement of a promissory note by a married woman simply operated to transfer her title thereto to the assignee or endorsee thereof. *Collier* v. *Connelly*, 15 Ind. 141 ; *Moreau* v. *Branson*, 37 Ind. 195; *Baker* v. *Armstrong*, 57 Ind. 189 ; *Paulman* v. *Claycomb*, 75 Ind. 64. But it was never held, under the common law rule, that a married woman, by her assignment by endorsement of a promissory note, negotiable under the statute and not by the law merchant, assumed and was bound by the ordinary contract of the assignor or endorser of such a note. We have often held that, as a general rule, the contract of the assignor of such a note is a warranty that the maker is liable on the note, and able to pay it. *Black* v. *Duncan*, 60 Ind. 522 ; *Ward* v. *Haggard*, 75 Ind. 381 ; *Willson* v. *Binford*, 81 Ind. 588 ; *Huston* v. *First National Bank, etc.*, 85 Ind. 21.

In the case at bar the question for decision may be thus stated : Where a married woman has assigned, by endorsement, a promissory note not negotiable as an inland bill of exchange, after the above entitled act of March 25th, 1879, took effect, and while it remained in full force, has she assumed and is she bound by the ordinary contract of an assignor of such a note? We are of opinion that this question must be answered in the affirmative. In section 1 of the aforesaid act it was provided that "A married woman may bargain, sell; assign and transfer her separate personal property the same as if she were sole." Acts 1879, p. 160. Section 3 of such act, in so far as applicable to the question

under consideration, provided as follows: "A married woman may enter into any contract in reference to her separate personal estate, * * * * the same as if she were sole, and her separate estate, real and personal, shall be liable therefor on execution or other judicial process." *Supra.*

Under these statutory provisions, it would seem to be clear that a married woman might sell, assign and transfer any promissory note, owned and held by her as her separate personal property, " the same as if she were sole," and that if she had assigned, by endorsement, any such promissory note so owned and held by her, while such statutory provisions were in force, she and her separate estate, real and personal, would be liable on her contract of assignment, " the same as if she were sole," upon execution or other judicial process. No subsequent change, modification or even repeal of the statutory provisions, above quoted, would affect or impair the obligation of such contract of assignment, entered into by a married woman, while such provisions were in full force. Sections 10 and 69, R. S. 1881.

Our conclusion is, therefore, that the court did not err in its conclusion of law in favor of the appellees Ellen and James R. Shank, and against the appellant, Hannah Mathes.

We are of opinion, however, that the proceedings had in the trial court, upon the cross complaint, as it is called, of the defendant James S. Coleman against his co-defendant, Hannah Mathes, are erroneous and can not be sustained. We have already said, that the cause of action in favor of the appellees Ellen and James R. Shank against the defendant James S. Coleman, as their immediate assignor of the note of Levi R. Bradley, was improperly united with their cause of action against the appellant, Hannah Mathes, as their remote assignor of such note. The two causes of action were separate and distinct, each from the other; and what might have constituted a complete defence to their cause of action against their remote endorser, Hannah Mathes, would have constituted no defence whatever to their cause of

action against their immediate endorser, James S. Coleman. Section 5504, *supra;* *Huston* v. *First Nat'l Bank, etc., supra.*

It was not claimed in the cross complaint of Coleman, that he had sustained any damages by reason of any breach of the warranty contained in the assignment by endorsement of the note of Levi R. Bradley by the appellant, Hannah Mathes. Therefore, the appellant's demurrer to Coleman's cross complaint, for the alleged insufficiency of the facts therein to constitute a cause of action against her, ought to have been sustained by the trial court. The overruling of appellant's demurrer to Coleman's cross complaint is assigned here as error, and is well assigned. As this error lies at the base of Coleman's proceedings and judgment, in this cause, and will require the reversal of Coleman's judgment against the appellant, Hannah Mathes, we need not consider or decide any question complained of, as erroneous, in Coleman's subsequent proceedings.

The judgment against Hannah Mathes, in favor of Ellen Shank and James R. Shank, is affirmed, with costs.

The judgment against Hannah Mathes, in favor of James S. Coleman, is reversed, with costs, and the cause remanded with instructions to sustain the demurrer to Coleman's cross complaint, and for further proceedings not inconsistent with this opinion.

