Filed Jan. 9, 1885.

---

No. 11,945.

DAMRON v. THE PENN MUTUAL LIFE INSURANCE COMPANY ET AL..

LIFE INSURANCE.—Assignment of Policy.—Married Woman.—A life policy upon the life of the husband taken by him payable to his wife or her assigns is a chose in action, her property, and may be assigned by her, if the law of her domicil, as in Illinois, authorizes her to sell and convey her property, and in such case upon the death of husband the assignee is entitled to the proceeds according to the terms of the assignment.

SAME.—Agreement.—Statute of Limitations.—Where such assignment is made to secure a debt of the husband, upon agreement that no proceedings shall be taken to enforce collection thereof during the husband's life, the statute of limitations does not commence to run against the debt so secured from the assignment, but from his death.

From the Gibson Circuit Court.

A. P. Hovey and G. V. Menzies, for appellant.

A. Gilchrist, C. A. DeBruler, W. P. Edson, E. M. Spencer and H. C. Pitcher, for appellees.

BICKNELL, C. C.—This suit was commenced in March, 1884, in the Posey Circuit Court, and was taken by change

of venue to the Vanderburgh Circuit Court, and thence to the Gibson Circuit Court, where a judgment was rendered for the appellees, from which this appeal was taken.

The appellant, the widow of Uriah G. Damron, brought the suit against the said insurance company upon its policy of insurance on the life of her said husband for $2,500, executed on January 30th, 1876, and payable to the appellant. The appellees, Cook, Dieterlie, Noel and Pitcher, were made defendants, as claiming some interest in the policy under an assignment. The complaint alleged that said assignment was void, because of the plaintiff's coverture, and prayed for judgment on the policy.

The insurance company paid into court the amount due on the policy, to await the result of the litigation between the plaintiff and the other defendants, and was thereupon discharged from further liability. The issues joined were submitted to the court for trial, and the court made a special finding of the facts, and stated conclusions of law thereon in favor of the appellees, to which conclusions the appellant excepted.

The appellant has assigned several errors, but in her brief has discussed only the alleged errors in the conclusions of law, and has presented for consideration the following questions only:

1. Was the assignment of the policy by Mrs. Damron valid?

2. Is the statute of limitations of six years a bar to the accounts.

The court found substantially that the policy of insurance on the life of the said Uriah G. Damron for $2,500, payable within sixty days after notice and proof of his death, to his wife, the appellant, her executors, administrators or assigns, was executed by the said insurance company on April 30th, 1873, and that the annual premium payable thereon was $126.25; that when the policy was executed said Damron and wife were residents of Evansville, Indiana, and said insurance

company was a corporation of Pennsylvania doing business in Indiana; that said Uriah Damron afterwards became indebted to Henry A. Cook $1,015.60, and to John Dieterlie $154.30, and to William Noel $164, and to Henry C. Pitcher $400, and that afterwards, on February 9th, 1877, said Damron and wife being then residents of Illinois, and Henry A. Cook a resident of Indiana, and said Damron being still indebted as aforesaid, and said Cook being his surety in the further sum of $200, and interest at 10 per cent. since August 12, 1876, said Damron and wife endorsed upon said policy of insurance the following assignment thereof to said Henry A. Cook:

" McLeansboro, Illinois, February 9th, 1877.

" Policy No. 14,791. For value received we hereby assign, transfer and set over all our right, title and interest whatsoever of, in and to policy No. 14,791, on the life of Uriah G. Damron in the Penn Mutual Life Insurance Company of Philadelphia, to which this assignment is attached, unto Henry A. Cook, Esq., of Evansville, Ind., in trust: First. To pay himself and John E. Dieterlie, and William J. L. Noel and Henry C. Pitcher, of Mount Vernon, Indiana, on account of U. G. Damron, any indebtedness to them, or either of them, existing when the policy becomes a claim; Secondly. To pay the remainder, if any, to Mrs. Cecilia E. Damron, wife of the insured, her executors, administrators or assigns, with full power to said trustee to surrender said policy to the said company, if said company consents thereto, for paid-up insurance, and without any liability on the part of said company to see to the proper discharge of the trust, or of any part thereof. Witness our hands and seals the day and year above written.    (Signed)    " URIAH G. DAMRON.

" CECILIA E. DAMRON.

" Witnesses present: Frank Ritchey, Geo. Phillips.

" Approved and recorded 16th day of March, 1877, without guarantee on the part of the company as to the sufficiency or validity of the transfer.    Ent'd B. 2, page 240.

" JAMES WEIR MASON, Actuary."

Damron *v.* The Penn Mutual Life Insurance Company *et al.*

And on said day Cecilia, with the consent of her husband, delivered said policy to the said Henry A. Cook; that at the time of said assignment the said Uriah was without means to pay his debts or the premiums on the policy; that said Cook agreed, as the consideration for said assignment, to and with the said plaintiff and the said Uriah, that he Cook would pay or cause to be paid all premiums upon said policy as they became due, and would not, in any way, press the said Uriah in his lifetime for the collection of said debts, or for the collection of any sum he might be compelled to pay for the said Uriah as his surety, but would give time on all such debts until the death of said Uriah, and upon his death would look solely to the proceeds of said policy for the payment of any sum that might be due him on account thereof, when said policy became a claim against the company. Said Cook also agreed to and with the plaintiff and said Uriah, that after paying himself, John Dieterlie, William Noel and Henry C. Pitcher, the indebtedness that might be due them, or either of them, when said policy became a claim, on account of said Uriah, he would pay the excess, if any, collected by him on said policy to the said Cecilia E. Damron; that after the execution of said assignment said Cook, in April, 1877, paid as surety for said Uriah the sum of $217.50, and never pressed him in his lifetime for the payment of any of the foregoing indebtedness; that said Cook also paid as premiums on said policy the sum of $653.65, of which $29.68 were repaid him by said Pitcher, and $10.42 were repaid him by said Dieterlie; that no part of any of the indebtedness aforesaid of said Uriah has ever been paid, to said Cook, Dieterlie or Pitcher, but that said Noel's claim should be credited with $100, on account of a gold watch and chain received by him from said Uriah in 1876; that at the date of said assignment there was a statute of the State of Illinois as follows: "A married woman may own in her own right real and personal property obtained by descent, gift or purchase, and mortgage,

sell and convey the same to the same extent and in the same manner that the husband can property belonging to him."

At the time of said assignment, it was also the law of Illinois that a life insurance policy on the life of a husband, payable upon his death to his wife, is her sole and separate property, and she may sell and assign it or pledge it as security for her husband's debts, and an assignment by her for that purpose will be binding upon her, and she can not repudiate it after the death of her husband.

After said assignment said Uriah removed to Mount Vernon, Indiana, and became a resident there, and died there on May 28th, 1883. Due proof was made of his death; the full amount due from said insurance company on said policy and paid into court was $2,429.33. There is due said Henry Cook, on account of premiums paid, $766.15, including interest at six per cent. There is due on account of the premiums paid by Henry C. Pitcher, including interest, $41.08. There is due the said John Dieterlie for premiums paid and interest, $14.47. There is due the said Henry A. Cook on the indebtedness aforesaid other than for premiums paid, $1,962.60, of which $558.95 was due on open account on January 1st, 1877, for goods sold in 1876. There is due said John Dieterlie on open account, $70.35, and the indebtedness to him, not including the premiums paid by him, is $178.56. The indebtedness to the said William Noel is $93.44. There is due to the said Henry C. Pitcher, not including the premiums paid by him, $400, and he, before the death of said Uriah, executed a written assignment of all his interest in said policy to the plaintiff, Cecilia E. Damron, and delivered the same to the said Henry A. Cook.

Upon the foregoing facts the court stated the following conclusions of law :

*First.* The assignment of said policy is valid and binding as against the said Cecilia E. Damron.

*Second.* At the commencement of this suit said Henry A.

Cook was lawfully in possession of said policy and was authorized to collect the same.

*Third.* That the sums of money due as aforesaid upon open account are not barred by the statute of limitations.

*Fourth.* This conclusion states that the sum of $2,429.33, paid into court as aforesaid, should be distributed to the said Cook, Dieterlie, Noel and Cecilia Damron in proportion to the amount of their claims aforesaid, stating the sums to be paid to each.

*Fifth.* That the plaintiff, Cecilia E. Damron, has no interest in said policy or in the money paid into court, except as the assignee of the interest of said Henry C. Pitcher.

A policy of insurance is a chose in action governed by the same principles applicable to other agreements involving pecuniary obligations.

The present policy was payable to the appellant, her executors, administrators or assigns. It was, therefore, intended to be assignable.

In *Hutson* v. *Merrifield*, 51 Ind. 24, this court said : " The party holding and owning such a policy, whether on the life of another or on his own life, has a valuable interest in it, which he may assign, either absolutely or by way of security, and it is assignable like any other chose in action."

In *Pence* v. *Makepeace*, 65 Ind. 345, it was held that "An insurance policy, issued upon the life of a husband for the benefit of his wife, is her property, and an effectual assignment and delivery thereof to another, even during the lifetime of the husband, can be made only by her."

In *Wilburn* v. *Wilburn*, 83 Ind. 55, this court said : " In truth, the policy is not the property of the insured in any sense, but is the property of the beneficiary from the day of its issue, for from that time he has the whole beneficial interest." See, also, *Harley* v. *Heist*, 86 Ind. 196 (44 Am. R. 285); *Bushnell* v. *Bushnell*, 92 Ind. 503.

The interest of such a beneficiary being personal property,

a married woman in Indiana, prior to the act of March 25th, 1879, Acts 1879, p. 160, could transfer such property with the consent of her husband. *Moreau* v. *Branson*, 37 Ind. 195; *Baker* v. *Armstrong*, 57 Ind. 189; *Paulman* v. *Claycomb*, 75 Ind. 64. But this power of the married woman was subject to the common law rule that a *feme covert* can not bind herself by an executory contract. *Mathes* v. *Shank*, 94 Ind. 501; *Parks* v. *Barrowman*, 83 Ind. 561. Therefore, where an assignment of such a policy was made by a married woman to secure her own executory contract, not binding upon her, it was held that the assignment itself was also invalid. *Godfrey* v. *Wilson*, 70 Ind. 50.

In some of the United States, the power of a married woman, in reference to the transfer of a policy of which she is the beneficiary, has been regulated and restrained by statutes, but there are no such statutes in Indiana. In 1877, the only statutory restriction upon the wife's power to transfer her separate property was, that the transfer must be made with her husband's consent. The rules forbidding a wife to encumber her separate property as security, or from entering into any contract of suretyship, are found in Acts 1879, p. 160, and Acts 1881, p. 528.

We think it very clear that in Indiana, in 1877, a married woman had the power to make, with her husband's consent, a valid assignment of a policy of insurance taken on her husband's life for her benefit, and payable to her and her assigns.

In considering the validity of exceptions to conclusions of law, the findings upon which such conclusions are founded are taken to be correct. Defects in the findings are not reached by exceptions to the conclusions of law. *Williams* v. *Osborne*, 95 Ind. 347. Under the findings in this case as to the law existing in Illinois, a married woman had also in Illinois, in 1877, the power to make a valid assignment of a policy of insurance of which she was the beneficiary.

The consideration of the assignment in controversy is therein stated as "value received." For value received the assign-

ment is made to Henry A. Cook in trust, etc. In such a case it may be shown what the " value received " was. Even in a deed of real estate, the true consideration may be shown by parol to be more or less than the amount recited and acknowledged in the deed to have been received. McDill v. Gunn, 43 Ind. 315; 3 Washb. Real Prop. 327. So, the true consideration of a note may be shown by parol, and the existence of a written agreement showing part of the consideration will not prevent the introduction of oral testimony as to the remainder. Everhart v. Puckett, 73 Ind. 409. And see, also, Hight v. Taylor, 97 Ind. 392.

The findings in the present case show that the consideration of the assignment was:

First. The payment of the husband's debts.

Second. The promise to forbear to proceed against Uriah G. Damron, and to look solely to the policy for the payment of the debts.

Third. The agreement to pay, and the actual payment, of the premiums on the policy.

The findings state a sufficient consideration. Hubble v. Wright, 23 Ind. 322; Ellis v. Kenyon, 25 Ind. 134; Buck v. Axt, 85 Ind. 512; 1 Parsons Con. 440, 443. There was no error in the conclusion of law, that Mrs. Damron's assignment of the policy was valid. And we think there was no error in the conclusion that the statute of limitations was not a bar to the items of account mentioned in the findings.

The appellant claims that " as the assignment was dated on February 9th, 1877, and the accounts were then due, and as this action was commenced in 1884," the accounts were then more than six years past due. But, under the agreement, there was to be no proceeding against the debtor during his life, and he died in May, 1883. The statute was not running during the period embraced in that agreement, and, besides, the plea of the statute of limitations is a personal privilege to be asserted by the debtor only.

We find no error in the conclusions of law. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and. the same is hereby in all things affirmed, at .the costs of the appellant.

