Robertson et ux. *v.* Bruner et al.

---

THOMAS ROBERTSON et ux. *vs.* E. E. BRUNER et al.

At common law a promissory note or bond made by a married woman was a mere nullity, and could not be enforced.

*Davis and wife* v. *Foy*, 7. S. & M. 64, cited and confirmed.

The statute of the State conferring certain rights on married women, only gives them power to contract to the extent of the powers specially conferred by the statute; and any contract not made for the purposes or in accordance with its provisions, is invalid.

In order to bind the separate property of a married woman upon a contract made under the statute, it is necessary to show that it was made for the purposes therein provided and expressed.

Where the whole evidence in a case is set out, it is the duty of the court to

decide upon its merits as presented, although the counsel may have failed to take advantage by demurrer of defects in the pleadings.

In error from the circuit court of Hinds county; Hon. Patrick W. Tompkins, judge.

The facts are contained in the opinion of the court.

*T. J. & F. A. R. Wharton*, for appellants.

*John Shelton*, for appellees.

Mr. Justice YERGER delivered the opinion of the court.

The defendants in error, sued Robertson and wife upon a promissory note, made by the wife during coverture. The declaration contains an averment that the note was made and given by Mrs. Robertson, "in and about business interest and concerns of her own, and by her exclusively managed." To this declaration there was a plea of payment. On the trial the only evidence in the case was the note sued on, executed by Mrs. Robertson alone. The jury found for the plaintiffs, and the court overruled a motion for a new trial.

At the common law, the promissory note or bond of a married woman was a mere nullity, and no contract made by her could be enforced. Clancy on Rights, 23.

This court has decided that the act of 1839, in relation to the rights of married women, did not extend their power of contracting or of binding themselves or their property. *Davis and wife* v. *Foy*, 7 S. & M. 64.

The act of 28th February, 1846, Hutch. Code. 498, amending the statute of 1839, made it competent for a married woman, jointly with her husband, to make any contract for the sale or hire of any slaves held by her in her own right, for their necessary clothing, maintenance, care, and support, and for the employment of any agent or overseer for their management and control. It also declared that "all contracts for the purchase of supplies for the plantation and slaves, or for the slaves alone of any married woman made by the husband and wife, or by either of them, either express or implied, shall be obligatory upon the husband and wife," &c.

It will thus be seen, that by the provisions of this statute, a married woman can, jointly with her husband, make certain contracts, and that she can jointly or separately make a contract for supplies to be furnished her plantation and slaves, or for her slaves alone. But, except to the extent that the power has been given by this statute to make contracts, she has no more power than she had at common law, and any contract not made for the purposes or according to the provisions of the statute, is invalid. And, in order to charge any married woman upon a contract under the statute, it is necessary for the plaintiff to show that it was made for the purpose therein provided and expressed.

Although the note in this case may have been given by Mrs. Robertson, " in and about business interest and concerns of her own, and by her exclusively managed," as is averred in the declaration, yet so far as she is concerned it is a nullity, unless given " for the purchase of supplies for her plantation and slaves, or for her slaves," because this is the only instance in which power is given in the statute for a married woman to make a contract, unless jointly with her husband. It is said, however, that as the plea of payment was filed in this case, any defect in the declaration, of which advantage could have been taken by demurrer, has been waived, and is cured by the verdict. We were much inclined to this view of the case, but find that this court has heretofore decided that where a motion for a new trial is made, and all the evidence is set out in the record, thus bringing the whole case, facts, and law before this court, it becomes its duty to decide according to the case so made, and afford the proper remedy, although the counsel may have failed to take advantage by demurrer of the defects in the declaration. We do not think that the proof in this case, connected with the averments of the declaration, make out a case of liability against Mrs. Robertson ; and as the circuit judge refused a new trial, we must, according to the decision in *Reeves* v. *Dennis*, 6 S. & M. 89, before referred to, reverse the judgment of the court, and remand the cause for further proceedings.