The State, *ex rel.* Stingley, *v.* Sullivan *et al.*

No. 9020.

THE STATE, EX REL. STINGLEY, *v.* SULLIVAN ET AL.

COUNTY COMMISSIONERS.—*County Work.—Gravel Road.—Statute Con-
strued.*—When the commissioners of a county take charge of the con-
struction or improvement of a free gravel road, such construction or
improvement becomes at once a county work, within the meaning of
the act of March 14th, 1877.   Acts 1877, Spec. Sess., p. 29.

SAME.—*Bond.—Contract.*—When any work is placed in charge of the
commissioners as a county work, they are required to take a bond which
shall guarantee the faithful performance and execution of the work, and
that the contractor shall promptly pay all debts incurred by him in the
prosecution of such work, including labor, material furnished, and for
boarding the laborers.

SAME.—*Title of Act.—Boarding Laborers.*—The subject-matter and gen-
eral character of the act of March 14th, 1877, are fairly expressed in the
title, and it comprehends the provision for the payment of persons
boarding laborers.

SAME.—*Jurisdiction.*—Until the commissioners of a county have acquired
jurisdiction over a gravel or other similar road, and ordered either its
construction or improvement, they are wholly without authority either
to let a contract for work upon such a road, or to take bond.

PLEADING.—*Complaint.—Fatal Omission.*—A failure to aver that the com-
missioners had ordered either the construction or improvement of a
gravel road is a fatal omission from a paragraph of complaint on a
bond taken under the provisions of said act of March 14th, 1877.

The State, *ex rel.* Stingley, *v.* Sullivan *et al.*

From the Montgomery Circuit Court.

*A. D. Thomas, J. E. Humphries, G. D. Hurley* and *B. F. Crane,* for appellant.

*G. W. Paul, J. R. Courtney* and —— *Graham,* for appellees.

Niblack, C. J.—This action was brought by the State, on the relation of John B. Stingley, against John Sullivan, Maurice Carroll, Fisher Doherty, Edward Holmes and Ephraim C. Griffith. The complaint was in two paragraphs.

The first paragraph stated, that, in the year 1879 and prior to the 10th day of June of that year, the board of commissioners of the county of Montgomery, acting upon a proper petition and in pursuance of the provisions of the act of March 3d, 1877, authorizing the boards of commissioners of the several counties to construct gravel, macadamized, or paved roads, had ordered the construction of a gravel road in said county of Montgomery, known as the Linden Gravel Road, and being about to enter into a contract with the defendants Sullivan and Carroll, for the construction and building of said gravel road, they, the said Sullivan and Carroll, together with the other defendants, Doherty, Holmes and Griffith, as their sureties, on said 10th day of June, 1879, executed to the State of Indiana their bond in the penal sum of nine thousand dollars, conditioned that the said Sullivan and Carroll should well and faithfully perform their contract and promptly pay all debts incurred by them in the prosecution of their work, including labor, and for boarding the laborers thereon, in the event that the contract should be awarded to the said Sullivan and Carroll; that thereupon the said board of commissioners awarded such contract to the said Sullivan and Carroll, and accepted and approved said bond; that afterward the said Sullivan and Carroll entered upon the construction of the said gravel road, under their contract, and became indebted to the relator,

John B. Stingley, in the sum of eighty-two dollars and fourteen cents, for work done and labor performed upon said road, and for boarding the hands while at work on such road, a bill of particulars of which said indebtedness was filed with the complaint; that said relator had demanded the sum of money so due him of the said Sullivan and Carroll, which said sum remained unpaid. Wherefore judgment was demanded.

The second paragraph contained nearly all the material facts averred in the first paragraph, but in a different form and in a different order.

The defendants demurred, severally, to each paragraph of the complaint, and their demurrer was sustained to both paragraphs.

The relator failing and refusing to plead further, final judgment was rendered in favor of the defendants upon their demurrer.

The bond sued on, a copy of which was filed with the complaint, was as follows:

"Know all men by these presents, that we, Maurice Carroll and John Sullivan, Fisher Doherty, Edward Holmes and E. C. Griffith, all of the county of Montgomery and State of Indiana, are held and firmly bound unto the State of Indiana in the penal sum of nine thousand dollars ($9,000), lawful money of the United States, for the payment of which well and truly to be made, we severally bind ourselves, our heirs, executors and administrators. Witness our hands and seals, this 10th day of June, 1879.

"The conditions of the above obligation are such that if the above named and bounden John Sullivan and Maurice Carroll shall be awarded the contract by the commissioners of Montgomery county, Indiana, and Ira McConnell, engineer, for building the Linden Gravel Road: Now if the said John Sullivan and Maurice Carroll shall well and faithfully perform the said contract, and promptly pay all debts incurred by them in the prosecution of such work, including

labor and for boarding the laborers at work thereon, then this obligation to be null and void; otherwise to remain in full force and effect.    JOHN SULLIVAN,    [Seal.]
"MAURICE CARROLL,    [Seal.]
"FISHER DOHERTY,    [Seal.]
"EDWARD HOLMES,    [Seal.]
"E. C. GRIFFITH.    [Seal.]"

By the act of March 3d, 1877, above referred to, it is provided that the board of commissioners of any county shall have power to lay out, construct, or improve, by straightening, grading, draining, paving, gravelling or macadamizing, any State or county road, or any part of such road, within the limits of their county, upon certain conditions and proceedings therein prescribed; that upon the return of a report of viewers and a surveyor or engineer, to be appointed by them, such commissioners shall, if in their opinion public utility requires it, enter of record an order that the proposed construction or improvement be made, stating the kind of construction or improvement to be made, and the width and extent of the same, and the land to be assessed for the expense of such construction or improvement; that, after the making of the order for such construction or improvement, the commissioners shall cause a contract to be let for the performance of the contemplated work, and appoint an engineer to superintend the work and the completion thereof, which roads, when so built or improved, are to be free from toll.    Acts Reg Sess. 1877, p. 82.

By an act, known as "An act entitled an act to indemnify counties against loss in certain cases, and to protect laborers, material men and others from loss by persons contracting for county buildings and work," approved March 14th, 1877, it is further provided "That no bid for the building or repairing of any court-house, jail, poor asylum, bridge, fence or other county building or work, shall be received or entertained by the board of commissioners of any county in this

State, unless such bid shall be accompanied by a good and. sufficient bond payable to the State of Indiana, signed by at least two resident freeholders [as] sureties, which bond shall guarantee the faithful performance and execution of the work so bid for, in case the same is awarded to said bidder, and that the contractor so receiving said contract shall promptly pay all debts incurred by him in the prosecution of such work, including labor, materials furnished and for boarding the laborers thereon," and "That any laborer and material man, or person furnishing board to said contractor, * * * shall have the right of action against such contractor and his bondsmen therefor: *Provided*, such person shall have first demanded payment of the same from such contractor." Acts. Spec. Sess. 1877, p. 29.

By an act, approved March 24th, 1879, which was obviously intended to be supplemental to the act of March 3d, 1877, *supra*, it is further enacted that, by virtue of their office, the commissioners of any county are constituted a board of directors, under whose management and control all free gravel, macadamized, paved and turnpike roads in such county shall be exclusively vested.

The underlying question in this case is, was the construction of the Linden Gravel Road a county work within the meaning of the act of March 14th, 1877, above set out, and in the sense which authorized and required the appellees to execute and deliver to the county commissioners such a bond as the one sued upon?

As has been seen, the act of March 3d, 1877, confers on the county commissioners the power to lay out, construct and improve gravel roads in their respective counties, in certain cases, and imposes upon them the duty, when they have ordered any such work to be done, of causing proper contracts to be made for the performance of the work, and of appointing some suitable person to superintend such work, and to see that it is completed according to the contract.

As has been further seen,. the act of March 24th, 1879, constitutes the county commissioners of the several counties directors of the free gravel roads of their respective counties, and vests them with the exclusive management and control of such roads.

With the powers thus conferred on the county commissioners, the conclusion appears to us necessarily to be that when such commissioners take charge of the construction or improvement of a free gravel road, such construction or improvement becomes at once a county work within the meaning of the act of March 14th, 1877.

In contemplation of law, the board of commissioners of a county is the county, and in legal proceedings a county is only known through its board of commissioners. *Haag* v. *The Board, etc., of Vanderburgh County*, 60 Ind. 511.

Any work, therefore, placed in charge of the commissioners of a county is, in legal contemplation, in charge of the county represented by such commissioners, and thereby inevitably becomes a county work, for the performance of which the commissioners are required to take a bond, similar to the one before us.

But the appellees contend that, in any event, so much of the act of March 14th, 1877, as requires the bond therein provided for, to contain a stipulation for the payment of persons boarding laborers employed upon a county work, is inoperative and void, because the title of that act is not sufficiently comprehensive to authorize the enactment of such a provision. The position thus assumed by the appellees can not be maintained.

The subject-matter and general character of the act are fairly expressed in its title, and that is all that is required by article 4, section 19, of the constitution.

An objection might have been urged to the first paragraph of the complaint, for uncertainty in many of its averments, particularly in reference to some of its dates, and the order

of time in which certain alleged events occurred, as well as in some other respects ; but, as those defective averments were probably not reached by the appellees' demurrer, we will not further refer to them. Considering only such questions as have been discussed by counsel, no valid objection has been shown to the sufficiency of the first paragraph of the complaint. Our conclusion, consequently, is, that the court below erred in sustaining a demurrer to that paragraph.

The second paragraph of the complaint did not aver that the commissioners of Montgomery county had ordered either the construction or improvement of the Linden Gravel Road. That was a fatal omission. Until the commissioners of a county have acquired jurisdiction over a gravel or other similar road, and ordered either its construction or improvement, they are wholly without authority, either to let a contract for work upon such a road or to take such a bond as the one in suit.

We think the demurrer to the second paragraph of the complaint was correctly sustained.

The judgment is reversed, with costs, and the cause remanded for further proceedings.

Opinion filed at November term, 1880.
Petition for a rehearing overruled at May term, 1881.