No. 9060.

BITTERS v. THE BOARD OF COMMISSIONERS OF FULTON COUNTY.

CONSTITUTIONAL LAW.—*Publication of Delinquent Tax List.—Fees and Salaries.—Repeal of Statute.*—Section 28 of the fee and salary act of March 31st, 1879, Acts 1879, p. 130, fixing the price for publishing delinquent tax lists, is embraced within the title of the act and is constitutional, and repeals that clause in section 3 of the act of March 21st, 1879, Acts 1879, p. 199, in relation to such publication.

From the Fulton Circuit Court.

*J. S. Slick,* for appellant.

*I. Conner,* for appellee.

ELLIOTT, C. J.—Appellant published the delinquent tax list of Fulton county, and claimed compensation at the rate of thirty-five cents for each description; the county board refused to allow the amount claimed, but did allow twenty cents, and the circuit court, on appeal, sustained the judgment of the board.

Two acts containing provisions relative to the compensation to be paid for publishing the delinquent tax lists were passed by the General Assembly at the session of 1879, the first on the 21st and the second on the 31st day of March. In section 3 of the act of March 21st is a provision that the county auditor shall have the delinquent list published "at a cost not exceeding twenty cents per tract." Acts 1879, p. 199. Section 28 of the act of March 31st reads thus: "For publishing delinquent list, 35 cents for each description." The first act is amendatory of, and supplementary to, "An act to provide for a uniform assessment of property, and for the collection and return of taxes thereon." The second is what is generally known as the "fee and salary bill." It is conceded by appellee that if section 28 of the latter act is valid, it repeals the clause in section 3 of the earlier act making provision for printing the delinquent list. The contention is, that section 28 is unconstitutional.

It is a familiar rule that laws enacted by the supreme legislative power of the State will be upheld, unless they are clearly in conflict with the constitution. In doubtful cases the judiciary will respect and maintain the acts of the legislative department of the government.

We do not think it can be justly said that section 28 is not within the title of the act of 1879. It is not necessary that the title should embrace all the specifications necessary to exhibit its subject-matter in detail. The title of the act of March 31st, 1879, reads thus: "An act fixing certain fees to be taxed in the offices, and the salaries of officers therein named; providing for certain employes in certain public offices, and fixing their compensation; defining certain duties and liabilities of officers and persons therein named; providing for the disposition of certain moneys, making certain appropriations; declaring certain violations of the provisions of this act to be a penal offence, and prescribing the punishment, and repealing all conflicting laws."

The title of the act is broad enough to cover the publication of delinquent tax lists. The publication of the list is properly connected with the duty of public officers, and the compensation to be paid for services rendered in advertising matters expressly required by law to be advertised by public officers, is fairly within the title of the act. The title is sufficient to indicate that the body contains provisions relative to the duties of public officers in relation to the collection of the public revenues, and what is properly connected with the compensation of officers or others engaged in levying and collecting it, is embraced within its title. Shipley v. The City of Terre Haute, 74 Ind. 297; The State, ex rel., v. Sullivan, 74 Ind. 121; Bright v. McCullough, 27 Ind. 223; Greencastle, etc., T. P. Co. v. The State, ex rel., 28 Ind. 382; Brandon v. The State, 16 Ind. 197. What was said in The State, ex rel., v. Sullivan, supra, may be correctly said here: "The subject-matter and general character of the act are fairly expressed

in its title, and that is all that is required by article 4, section 19, of the constitution."

The act does not embrace two subjects. It makes provision for the performance of certain duties by public officers, and prescribes the compensation which shall be paid to officers or others rendering service to the public, in connection with public matters and official duties. Whatever is connected with official duty, and is the subject of compensation from the public treasury, is within the act, and forms part of one general subject. The act makes it the duty of the county commissioners to provide for the publication of the delinquent list, and fixes the compensation to be paid the publisher. The matter is directly connected with official duties, and the fact that the services are rendered in a matter connected with the collection of taxes, does not separate it from the general subject of services rendered the public. Services and compensation together constitute no more than parts of one general subject. Official services and duties naturally and reasonably belong to, and are included within, the same subject; they are not distinct and different subjects. It is proper to place in one act provisions for services to public officers in public matters directly connected with the duties of the offices, and limitations upon the compensation which the officers shall pay for such services. It was proper to embody in the act under examination provisions for official duties and for services to officers in the collection of the public revenues. No provision of the constitution is invaded by gathering such provisions together in one general act.

A subject may be composed of many parts. It does not follow that because the title of a statute enumerates many particulars, there are, therefore, many subjects. If there is but one subject, the act is valid, although that subject may be composed of many parts, and all of them be enumerated in the title. The rule which should here apply is that declared in *Shoemaker* v. *Smith*, 37 Ind. 122, where it was said of a title enumerating many things: " If the different particulars enu-

merated are to be regarded as so many different subjects, then the law is wholly void because of a multiplicity of subjects. If, on the other hand, the enumerated particulars do not embrace different subjects, but have reference to one general subject, which is not sufficiently expressed in the title, the law is still void. If, however, the enumerated particulars are not expressive of different subjects, but of one general subject, which is sufficiently indicated or expressed, the law is valid."

Judgment reversed.

Woods, J., dissents.