The State *v.* Hanna.

No. 9975.

THE STATE *v.* HANNA.

CRIMINAL LAW.—*Indictment.*— *Gravel Roads.*—*Annual Statement.*—*Directors.* —An indictment against a director of a gravel road company which shows that *he* failed to comply with section 3638, R. S. 1881, viz.: to make an annual statement, etc., but fails to aver that the board of directors so failed, is insufficient on a motion to quash.

SUPREME COURT.—*Record.*—*Presumption.*—The Supreme Court, on appeal, will presume, the contrary not appearing, that the record of the trial court as entered upon its order book by its clerk, has been regularly signed by the judge.

From the Hancock Circuit Court.

*D. P. Baldwin*, Attorney General, *L. P. Newby*, Prosecuting Attorney, and *W. W. Cook*, for the State.

*W. R. Hough*, for appellee.

ELLIOTT, J.—The charging part of the indictment preferred against the appellee reads as follows: "That Thomas J. Hanna, at said county of Hancock, on the 1st day of July, 1880, was then and there, in connection with divers other persons, one of the directors of the McCordsville and Buck Creek Gravel Road Company, a gravel road company then and there duly organized under and by virtue of the laws of the State of Indiana, and as one, and in connection with said divers other directors, owning, controlling, managing and operating said gravel road in said county, and then and there located and operated therein, and as and in connection and together with said directors, did then and there unlawfully, negligently and wilfully fail, neglect and refuse to make out or cause to be made out a full, true and complete statement of all moneys, rights, credits, property and assets owned and held by the said company, and the amount of its liabilities, capital stock and gross receipts for the preceding year, the amount paid out for repairs, improvements, litigation, to officers, and all other expenses, properly classified, and to swear to the same, and to cause a majority of the said directors to swear to the

same, and to cause the secretary of the said company to attest the same and to file and record the said report in the recorder's office of Hancock county in the proper record for the filing and recording of such reports, or to cause the same, all and singular, to be done, and did then and there and on and upon the 1st day of May, 1881, still being one of said directors as aforesaid, so unlawfully, negligently and wilfully fail, neglect and refuse to prepare, swear to, attest, file and record the same, or to cause the same to be done, all and singular, or as required by law."

The statute upon which the prosecution is based reads as follows : " If any board of directors of any of the corporations named in section one of this act [§3638] shall fail or refuse to comply with the requirements of this act, they shall be deemed guilty of a misdemeanor, and upon conviction, shall be fined in any sum not less than five dollars nor more than fifteen dollars for each day they shall so fail or refuse." R. S. 1881, sec. 3639.

The court below sustained the appellee's motion to quash, and we regard this ruling as correct.

It will be observed that the statute requires that the acts referred to shall be performed by the board of directors, and if performed by the board there is no offence, although some one of the directors may have disobeyed its provisions. In order to sufficiently charge an offence under the statutory provision quoted, the indictment must allege that the board of directors failed or refused to do the acts required by law. The indictment before us contains no such allegation. It is not charged that the board of directors did not do what the statute commanded them to do.

It is not shown who composed the board of directors, nor that the directors as a board acted or refused to act. It is, we think, shown that the appellee was a director ; for the allegation is that " then and there still being one of the directors, did fail, refuse," etc., but it is not alleged that this failure and refusal was that of the board of directors of which he was a member.

It is urged by the State that the judgment upon the motion to quash is invalid, because it does not affirmatively appear that the records of the proceedings were read in open court or signed by the judge. All we deem necessary to say upon this point is, that the presumption is that the judge did his duty, and that the proceeding of the court was regular, as nothing to the contrary appears. The precise question was decided as we now decide it in *Walker* v. *Heller*, 56 Ind. 298.

Judgment affirmed.