No. 10,872.

## THE STATE *v.* COX ET AL.

CRIMINAL LAW.—*Corporation.*—*Gravel Road.*—*Directors.*—*Criminal Liability for Failure to Make Financial Statement.*—*Office and Officer.*—The directors in office, who are criminally liable, under section 3639, R. S. 1881, for failure to make the financial statement required by section 3638, are those in office at the time fixed by law for the statement. Their successors are not liable.

SAME.—*Constitutional Law.*—*Title of Act.*—*Excessive Fine.*—The subject of section 3639, R. S. 1881, is embraced within the title of the act, does not impose excessive fines, and is constitutional.

From the Montgomery Circuit Court.

*F. M. Howard,* Prosecuting Attorney, *J. H. Burford, G. W. Paul, M. D. White* and *J. H. Humphries,* for the State.

*P. S. Kennedy* and *W. T. Brush,* for appellees.

ELLIOTT, J.—The information charges that the appellees compose the board of directors of a gravel road company incorporated under the laws of the State; that they came into office on the 22d of July, 1882; that they failed to make and file a report of the financial condition of the company as by law required. The pleader attempts to charge an offence that will subject the appellees to punishment under section 3639 of the Revised Statutes. We are of the opinion that the information fails to make a case within the statute. The statute provides that the statement required of the directors shall be "made out, sworn to, attested and recorded, * within fifteen days after the first day of July in each year" (R. S. 1881, sec. 3638), and the duty of making the report, therefore, rested on the predecessors of the appellees, and the law was violated before the latter came into office. A just construction of the statute is that it applies to directors in office at the time the breach of duty occurs, and not to those who come in afterwards. Taking this as the correct rule, the duty did not devolve upon the appellees until the July following their election. The reasoning of the court in *Steam-Engine Co.* v.

*Hubbard,* 101 U. S. 188, gives much support to our conclu-- sion. It was there said: "Officers of the kind are responsible for the consequences of their own neglect or refusal to com-- ply with the statute requirement while they remain in office,, and they continue to be liable for those consequences even after they go out of office; but they are not responsible for the consequences of subsequent defaults committed by their successors, nor are the successors in such offices in any way responsible for the consequences of such defaults committed by their predecessors in office."

It is the directors, as directors, who are liable to prosecu- tion. *State* v. *Hanna,* 84 Ind. 183. The penalty falls upon them, and not upon the corporation, and they ought not to be punished for an offence committed by persons who had preceded them in office. To so hold would be to declare that the retiring directors were liable to punishment, and so also their successors, for it is quite clear from the authorities cited in *Steam-Engine Co.* v. *Hubbard, supra,* that the liability of the former does not end with the expiration of their term of office. Indeed, it can not be conceived that a man who has violated a positive statute can escape its punishment by surrendering the position which devolved the omitted duty upon him.

We are not willing to hold the statute under examination unconstitutional. It is not in violation of the provision of our constitution prohibiting the imposition of excessive fines. The penalty prescribed is a fine of not less than five nor more than fifteen dollars for each day that there is a refusal to per- form the prescribed duty. The fine for one day's violation is by no means excessive, and, while each day's refusal adds to the punishment, the offenders have it in their power to escape by doing what the law enjoins. In cases of nuisances, and many other offences, a fine for each day's continuance may be imposed, and the constitutionality of such laws has never been doubted.

We regard the section prescribing punishment as fairly within the title of the act, which reads thus: "An act requiring

gravel road, turnpike and macadamized road and plank road companies to prepare, file and have recorded, in the proper recorder's office, certain annual statements, prescribing penalties for the violation of its provisions, and to repeal an act therein named." The persons charged with the duty of filing the statement required are the directors of the corporation as directors, and they are within the subject-matter of the act, as indicated by the title. A corporation is a mere ideal being, and acts only through its officers; and a law requiring the corporation to perform certain acts necessarily means that it shall be done by the officers possessing competent authority, for a corporate act can not be otherwise performed.

We hold that the court did right in quashing the information, for the reason first stated.

Judgment affirmed.