No. 12,441.

BARNETT *v.* HARSHBARGER, ADMINISTRATOR.

HUSBAND AND WIFE.—*Act of April 16th, 1881.*—*Title.*—*Constitutional Law.*—
The subject of the act of April 16th, 1881, entitled "An act concerning husband and wife," is sufficiently expressed in the title to render such act constitutional.

SAME.—*Unity of Husband and Wife.*—*Rule of Common Law.*—The general

rule of the common law, that the husband and wife, in legal contemplation, are one person, still prevails in this State.

SAME.—*Contracts Between.*—*Not Governed by General Rules of Law.*—The dealings between husband and wife can not be treated as ordinary contracts, nor are they governed by the general rule applicable to persons who are distinct and separate individuals.

SAME.—*Statute of Limitations.*—The general statute of limitations does not apply to transactions between husband and wife.

STATUTE OF LIMITATIONS.—*Disability.*—The statute of limitations begins to run at the time the cause of action accrues, although the party is under legal disability, but where it has fully run during such disability the action may be brought within two years after the removal thereof.

From the Montgomery Circuit Court.

*L. J. Coppage,* for appellant.

*E. V. Brookshire, M. D. White, W. S. Moffett, B. F. Davis* and *J. Brownfield, Jr.,* for appellee.

ELLIOTT, J.—There is evidence that the appellee's intestate received money from the appellant in 1868, and it is not disputed that she and John Barnett, the intestate, were married in 1863; nor is it denied that she continued to be his wife until his death, in the summer of 1884. Upon the close of the evidence the trial court instructed the jury to find for the appellee.

The appellant contends that the act of April 16th, 1881, entitled "An act concerning husband and wife," contravenes the provisions of the Constitution, and is void. The ground upon which this contention proceeds is, that the subject of the act is not sufficiently expressed in the title. We do not deem it necessary to enter upon a discussion of this question, for we regard it as conclusively settled against the appellant. *Hedderich* v. *State,* 101 Ind. 564 (51 Am. R. 768); *Elder* v. *State,* 96 Ind. 162; *State* v. *Cox,* 88 Ind. 254; *Warren* v. *Britton,* 84 Ind. 14; *Bitters* v. *Board, etc.,* 81 Ind. 125; *State, ex rel.,* v. *Sullivan,* 74 Ind. 121; *State, ex rel.,* v. *Tucker,* 46 Ind. 355; *Shoemaker* v. *Smith,* 37 Ind. 122.

The present statutes have removed the general disability of married women, so that ability is now the rule and disa-

bility the exception.   There is not, however, a complete and absolute removal of all disabilities, for the capacity to contract still remains somewhat abridged.   *Rosa* v. *Prather*, 103 Ind. 191 ; *Castner* v. *Walrod*, 83 Ill. 171 (25 Am. R. 369).

The fact that a plaintiff was under disability at the time the cause of action accrued does not prevent the running of the statute, for, notwithstanding the existence of the disability, it begins to run, and once it begins to run no subsequent disability checks it.   *Wright* v. *Kleyla*, 104 Ind. 223. When it has fully run, then the person under disability has two years after the removal of the disability in which to sue, and no more.   If this case is to be regarded as an ordinary one, and within these general rules, the court did not err in its instruction to the jury, for the statute began to run at the time of the demand, more than six years before the action was commenced, and the disability of coverture was removed more than two years before the commencement of the action.

We are of the opinion that transactions between husband and wife are not within the general rule, for they stand upon grounds essentially different from ordinary transactions.   The dealings between husband and wife are not regarded as contracts in the strict legal sense.   *Doe* v. *Hurd*, 7 Blackf. 510; *Fletcher* v. *Mansur*, 5 Ind. 267 ; *Resor* v. *Resor*, 9 Ind. 347 ; *Hileman* v. *Hileman*, 85 Ind. 1.

The rule of the common law was that husband and wife could not deal together, although their transactions were sometimes upheld in equity.   Mr. Schouler, after stating the general doctrine, says : "And the husband's note, given to his wife and transferred by her, is equally void."   Schouler Husband and Wife, sec. 369.

Mr. Bishop, after quoting the scriptural doctrine, and referring to the common law authorities, says :  " Of course, therefore, he can not at law enter into any valid contract directly with her."   1 Bishop Rights of Married Women, section 35.

The rule of the common law proceeds upon the theory that

in legal contemplation the husband and wife are one person, and not upon the theory that the wife is under a legal disability. This is unquestionably the common law, and that is a part of the law of the State, so that it still prevails unless abrogated either by the express words of the statute or by necessary implication. Our decisions declare that it has not been abrogated. In the carefully considered case of *Dodge* v. *Kinzy,* 101 Ind. 102, it is affirmed that the general rule of the common law respecting the unity of husband and wife has not been overthrown. The decision in *Mathes* v. *Shank,* 94 Ind. 501, recognizes the rule of the common law, and affirms that it exists except as changed or modified by statute. The doctrine of the Supreme Court of Massachusetts, declared in *Lord* v. *Parker,* 3 Allen, 127, was adopted in *Haas* v. *Shaw,* 91 Ind. 384 (46 Am. R. 607), and this court quoted with approval from *Lord* v. *Parker, supra,* the following observations upon the effect of the enabling statutes : " They are in derogation of the common law, and certainly are not to be extended by construction. And we can not perceive in them any intention to confer upon a married woman the power to make any contract with her husband, or to convey to him any property, or receive any conveyance from him." This general doctrine is again asserted by the Supreme Court of Massachusetts in the recent case of *Kniel* v. *Egleston,* 4 N. E. Rep. 573, where the cases are collected. The subject has been carefully investigated by the courts of New York, and a conclusion reached that exactly coincides with that of the Massachusetts court. *White* v. *Wager,* 25 N. Y. 328; *Savage* v. *O'Neil,* 42 Barb. 374; *Kelso* v. *Tabor,* 52 Barb. 125; *Corn Exchange Ins. Co.* v. *Babcock,* 57 Barb. 222; *Chambovet* v. *Cagney,* 35 Superior Ct. 474; *Perkins* v. *Perkins,* 7 Lansing, 19.

Mr. Kelly says : " The enabling statutes confer new rights and powers, but they are limited to those necessary for the protection of her separate estate, and she has not the power to contract generally, unless the statutes expressly, or by nec-

essary implication, gave her that power." Kelly Cont. of Married Women, 127, n.

It is for the Legislature, and not the courts, to destroy the rule of the common law declaring the unity of husband and wife. It would be judicial legislation for the courts to overthrow a rule that has been one of the most firmly settled of our jurisprudence ever since the organization of the State, and was one of the rules of the common law long before our State or Nation came into existence. As long as this rule stands, and stand it must until overthrown by the Legislature, dealings between husband and wife can not be treated as ordinary contracts. As long as they can not be so treated, just so long must they remain outside of the operation of general rules applicable to persons who are in law and in fact distinct and separate individuals. The unity which a settled rule of law has recognized through so many years can not be disregarded, and it prevents the operation of the general statute removing the disabilities of married women. The question can not be disposed of by assuming that the disability of the wife alone prevents her from dealing with her husband, for, as we have seen, the husband who was free from disability, and at liberty to deal with all others except his wife, could not, at law, deal with her. The question is not whether disabilities have been removed, but whether the long prevailing rule of the law, declaring husband and wife to be one person, in legal contemplation, has been annulled. This question can not be solved by affirming that a disability has been removed, for there yet remains the positive rule that the husband and wife are one person. Until this rule is annulled they can not contract with each other as persons not bound together by marital ties, and so long as they can not thus contract the usual rules of law do not govern their transactions.

The policy of the rule of the common law has often been discussed, and its wisdom vindicated, but that does not now immediately concern us—for our work is done when we ascer-

tain and declare what the law is—further than this, that, knowing, as we do, the policy of the rule, and that it exists, we have no power to disturb it. To disturb it would overthrow the settled policy of the common law, and, according to the theory of that law, create dissensions between husband and wife by requiring the wife to sue the husband during the existence of the marital relation, or lose her rights by lapse of time, thus creating discord and strife which it was the purpose of the common law to prevent. It needs no argument to prove that evil will result from a rule that requires the wife to watch lest the statute of limitations bar her rights and she be answered when she asserts her claim, after her husband's death, that, as she did not sue him within the statutory time, she must lose the money entrusted to him. It is not for the good of the world that a wife should be compelled to distrust her husband and deal with him as she would a stranger, in order that she may not have her rights swept away by the lapse of time.

We are clearly of the opinion that the trial court erred in applying to this case the general statute of limitations, as it did by the instruction given.

Judgment reversed.

Filed March 13, 1886; petition for a rehearing overruled May 13, 1886.