Filed Nov. 15, 1892.

---

No. 571.

## THE STATE, EX REL. PYLES, *v.* McCRAY ET AL.

GRAVEL ROADS.—*Contractor's Bond.—Sub-contractors or Laborers can not Sue Upon.—Elliott's Supplement, Sections 1472–1491 Construed.*—A contractor for the construction of a free gravel road can not be made liable upon his bond, executed according to the provisions of the act of April 8th, 1885 (Elliott's Supp., sections 1472–1491), to a sub-contractor or laborer. The superintendent appointed by the board of commissioners to receive the bond has alone authority to institute an action upon it. Sections 4246–7, R. S. 1881, prescribing that in all cases where county work is done the contractor shall execute a bond stipulating for the payment of all debts incurred by him in its construction, and giving any laborer a right of action on such bond, do not apply to said act of 1885. *State, ex rel.,* v. *Sullivan,* 74 Ind. 121, distinguished.

From the Marion Circuit Court.

*E. F. Ritter, L. Ritter* and *P. W. Gard,* for appellant.
*F. McCray, R. Denny* and *N. M. Taylor,* for appellees.

REINHARD, C. J.—This action was brought by the appellant's relator against the appellee McCray, on his bond as contractor for the construction of a free gravel road in Clinton county, and the other appellees as his sureties.

The complaint is in three paragraphs, and the appellees each separately demurred to each paragraph of the com-

plaint. The court sustained the several demurrers, and the appeal is taken from this ruling.

The question presented by the appeal is this : · Can a contractor be made liable to a sub-contractor or laborer, upon the bond of the former, executed according to the provisions of the act of April 8, 1885. Elliott's Supp., sections 1472–1491.

It is admitted that the bond was executed under the act just cited. This act is full and specific as to the liability covered by the bond. No provision is made giving subcontractors or employees of the contractor a right of action upon it. Section 10 of the act provides that for any and all breaches of the bond the superintendent of the work, whose duty it is to let it, may bring suit thereon. Sub-contractors, laboring or material men are not mentioned as authorized to sue on the bond.

The appellant contends, however, that as this was county work the provisions of sections 4246 and 4247, R. S. 1881, apply. These sections provide that in all cases where county work is let the contractor shall execute a bond stipulating, among other things, for the payment by the contractor of all debts incurred by him in its construction, and giving any laborer a right of action on such bond.

Granting, without deciding, that the work here provided for is county work within the meaning of the sections above named, it does not follow that in all cases where county work, such as the construction of gravel roads is being let to bidders, that a bond such as is called for by the provisions of said sections must be executed. The act of March 8, 1885, upon which this bond was confessedly taken, is ample and specific in its provisions and requirements as to bonds, and as we have seen it contains no such provisions as would make the appellees liable. These provisions must stand or fall upon their own foundation. They can not be propped up by the aid of sections above cited in reference to county work generally.

We are not unmindful of the fact that it has been held that the provisions of sections 4246, 4247, are applicable to bonds executed under the gravel road law of 1877. *State, ex rel.,* v. *Sullivan,* 74 Ind. 121. The reasoning of that case can not be applied to the case at bar. Under the act of March 14, 1877, concerning gravel roads (Acts 1877, special session, p. 29), the commissioners themselves are required to take the bond, and by the provisions of sections 4246 and 4247 laborers and others are made the beneficiaries thereof and authorized to sue upon it, while under the act of 1885 the board of commissioners appoint a superintendent who receives the bond, and he alone is given authority to institute an action upon it. The admission that the bond was executed under section 10 of the act of April 8, 1885, carries with it the inevitable conclusion that the superintendent alone has the power to sue for a breach of its conditions. Doubtless the act of 1885 and that of 1877 create two distinct systems for the construction of gravel roads. Under the one system, viz., that established by the act of 1877, supplemented by sections 4246–7, suit may be instituted by laborers and others affected by the work, while under the special provisions of the act of 1885 the superintendent alone may sue. This disposes of the several questions involved in this appeal, and leaves us no alternative but to affirm the judgment.

Even if the bond contained a special stipulation covering claims of laborers and sub-contractors, the action could only be maintained by the superintendent, and hence the question as to the language of the bond and specifications, and whether when construed together they contain any obligation to pay such claims, can cut no figure. Nor could a reformation of the bond be employed to carry into it provisions not contemplated in the law under which it was executed.

Judgment affirmed.

Filed Nov. 16, 1892.