Lane *et al. v.* State, *ex rel.* Taylor, Superintendent.

Filed March 11, 1896.

---

No. 1,656.

## LANE ET AL. *v.* STATE, EX REL. TAYLOR, SUPERINTENDENT.

GRAVEL ROAD.—*Bond.— Laborers and Materialmen.— Statute Construed.*—The provisions of sections 5591–5593, R. S. 1894, requiring the board of county commissioners in letting any county work to take a bond providing for the payment of debts due laborers and material men, apply to the bond required of a contractor for the construction of a free gravel road under the act of July 18, 1885 (Burns R. S. 1894, sections 6879–6898 inclusive), providing that the bond shall be conditioned for the proper performance of the contract ; and the superintendent may maintain an action to recover moneys due to laborers and materialmen on such a bond, where it contains a stipulation for their benefit.

ACTION.—*On Bond of Contractor.—Free Gravel Road.—Demand.—* A demand is not a condition precedent to an action by a superintendent of the construction of a free gravel road under the act of July 18, 1885, upon the bond of the contractor for moneys due to laborers and materialmen, although under section 5593, R. S. 1894, such a demand would be essential if the action were brought by a laborer or materialman.

PLEADING. — *Complaint. — Motion to Make More Specific.—Suit on Contractor's Bond.—Gravel Road.—*A motion to make a complaint in an action on a contractor's bond to recover moneys alleged to be due laborers and materialmen,. more specific as to certain items of indebtedness, is properly overruled, where the items are all based

on items and certificates of indebtedness issued and signed by the contractors, and sufficiently advised them of what they are required to meet.

BOND.—*Free Gravel Road.—Laborers and Materialmen.—Certificates of Indebtedness, Assignment Of.—Action by Assignees.*—The transfer by laborers and materialmen of certificates of indebtedness, issued to them by contractors for county work, does not preclude an action upon a bond conditioned as required by sections 5591–5593, R. S. 1894, for the payment of debts due laborers and materialmen.

From the Clay Circuit Court.

*G. W. Paul, M. W. Bruner* and *P. O. Colliver,* for appellants.

*Cavins & Cavins,* for appellee.

LOTZ, J.—The facts of this case as they appear from the complaint and the special findings of the court are substantially as follows :

In the year of 1890, the board of commissioners of Greene county duly established and ordered constructed a free gravel road extending from the town of Bloomfield to the town of Lyons in that county. Robert R. Taylor was duly appointed and qualified as the superintendent of said road. The superintendent gave due notice of the letting of contracts for said work and in October, 1890, he let the contract for the construction of said road to the firm of Lane and Walls, which firm was composed of the appellant Patrick H. Lane and one Ransom H. Walls, and such contractors, together with the other appellants, as their sureties, executed a bond payable to the State of Indiana, to secure the performance of said contract, in which bond it was stipulated that Lane and Walls should construct the road in all respects according to the plans and specifications adopted by the board of commissioners, and in accordance with the terms and conditions specified in their

contract, and that Lane and Walls should promptly pay all debts incurred by them in the prosecution of the work including labor, materials furnished and for board of laborers. It further appears that Lane and Walls entered upon the construction of the road and completed it in accordance with the terms of their contract, and that the board of commissioners has fully paid them the contract price, but that Lane and Walls failed to pay a large number of the laborers and persons who furnished materials in the construction of the road. This suit was brought on the contractors' bond by the State on the relation of the superintendent, to recover the several sums of money alleged to be due to the various laborers and material men.

The appellee recovered a judgment for the sum of $2,016.75, of which amount $300 was for attorney fees.

The principal questions on this appeal are whether or not the bond covers the liabilities of the contractors to the laborers and material men; and whether or not the appellee's relator was authorized to maintain the action for the benefit of the laborers and material men.

There are two distinct acts authorizing the construction of free gravel roads by boards of commissioners in this State. The act of March 3, 1877, sections 6855 to 6867 inclusive, Burns R. S. 1894 (sections 5104 to 5113, R. S. 1881); and the act of July 18, 1885, sections 6880 to 6898 inclusive, Burns R. S. 1894.

The two enactments create different systems or methods of constructing free gravel roads.

While the two methods are in the main similar, yet in certain respects they are entirely dissimilar. The act of 1887 provides that after the board shall have made the order for the improvement, it shall appoint a competent engineer to superintend the performance and completion of said work, who shall with the approval

of the board make contracts for the performance of the work; and in letting the contract the engineer is required to take reasonable security from the contractor for the performance of the contract in the time and manner fixed by the board. Sections 6859 (5095). The act of 1885 provides that after the improvement shall have been ordered the board shall appoint a superintendent for the construction of such work, (section 6910); and it is made the duty of the superintendent to construct the work in accordance with the plans and specifications ordered. In doing this he is authorized to let contracts and is required to take from the contractors a bond with freehold sureties, payable to the State of Indiana, conditioned for the proper performance of the contract within the time and manner prescribed; and on failure of the contractor to comply with the contract the superintendent may bring suit thereon for any and all breaches thereof (section 6911).

A bond given by the contractor under the law of 1887 has been held to be one given to secure the performance of a public or county work, and governed by sections 1235 and 5592, R. S. 1894 (sections 1221 and 4246, R. S. 1881). *State, ex rel.,* v. *Sullivan,* 74 Ind. 121; *Herrod* v. *State, ex rel. Whistler,* 43 N. E. Rep. 144. Under these holdings there can be no doubt but that a bond given by the contractor under the act of 1885 is also governed by the same statutes.

It has been the policy of the legislation in this State to secure the persons who perform labor or furnish materials for the betterment of the real estate of another, by giving them a lien thereon, and making the property subject to the payment thereof. But when it comes to public property or property used for a public purpose, it is against public policy to permit it to be

executed to pay debts of any kind and the laborer and material men cannot have a lien.

The law, however, has made ample provision for the protection of the persons who perform labor upon or furnish materials for public or county property. Section 5592, *supra*, requires the board of commissioners in letting any contract for any public or county work to take from the contractor "a good and sufficient bond payable to the State of Indiana, signed by at least two resident freehold securities, which bond shall guarantee the faithful performance and execution of the work * * * and that the contractor * * * shall promptly pay all debts incurred by him in the prosecution of such work, including labor, materials furnished and for boarding the laborers thereon."

The next section 5593 (4247), authorizes any laborer or material man or person furnishing board for the contractor to maintain an action upon the bond after demand made upon the contractor.

A free gravel road constructed under the act of 1885, is as much a public or county work as one constructed under the act of 1877. Such a road is one in which the public has an interest. If it were subject to be sold upon execution, the interests of the public might suffer. It would be against public policy to allow laborers and material men to subject it to the payment of their debts. If the laborers, material men and persons furnishing board are not protected by the bond of the contractor under the act of 1885, then they are placed upon a different footing from laborers and material men who do work upon or furnish material for private property or other public works. We do not think it was the intention of the Legislature to deprive such persons of security or prevent them from relying upon the con-

tractor's bond. To hold otherwise, would be contrary to the trend and spirit of the legislation of this State for the protection of laborers and material men. The statutes under consideration should be liberally construed to carry out the spirit of the legislation on this subject.

It was held in *Faurote* v. *State, ex rel.,* 110 Ind. 463, that when the bond was silent concerning the claims of laborers and material men, such terms were incorporated by force of the statute and would be so considered upon suggestion; and in *Hart* v. *State, ex rel.,* 120 Ind. 83, it was held that when such stipulations were left out by mistake, they might be supplied upon proper averment and proof. But in the case at bar the bond contained the stipulations for the benefit of the laborers and material men, and, we think, properly so, for it is the intention of the statute to secure the laborers and material men in the construction of a free gravel road under the act of 1885.

It is insisted that such a conclusion is in conflict with the decision of this court in the case of *State, ex rel.,* v. *McCray,* 5 Ind. App. 350. In the case cited the bond did not contain any stipulation for the payment of laborers or material men, and it was held that the provisions of sections 5591, 5592 and 5593, *supra,* which require the Board of Commissioners in letting any county work to take a bond providing for the payment of the debts due laboring and material men, etc., did not apply to facts there alleged. In that case the contractor and his sureties had not executed the bond with a view to the provisions of the sections above cited. The obligors of the bond could, therefore, not be held liable beyond the scope of their contract, as construed in connection with the act of 1885. In the absence of such a condition in the bond, or of an averment and proof of a mistake in its execution, there could be no

liability of the obligors for the debts due laborers and material men, etc.    *Hart* v. *State, ex rel., supra.*    In the case at bar the bond contains a stipulation covering the debts of laborers and material men.

The act of 1885, under which the road was constructed and the bond given, makes it the duty of the superintendent to bring suit upon the bond for all breaches thereof, and such superintendent was the proper relator in this action.

It is next insisted that the conclusions of law are erroneous, because there is no finding that a demand was made before the suit was brought.    The finding, however, does show that the road had been completed, and that the contractors had received the full amount of the contract price, and that the claims for labor, materials and board were due, and that the contractors had failed to pay the same, and that certificates of indebtedness had been issued by the contractors for nearly all of the claims, and orders drawn upon third parties for the same, which orders had been paid by the holders to the laborers and material-men long before the commencement of the action.

The superintendent was a *quasi* public officer and it was a part of his official duty to enforce the bond for the benefit of the laborers and material men.    When he learned that such claims had not been paid after the completion of the road and full settlement had been made with the contractors, it was his duty to enforce the bond.    The appellants contracted with the State with the understanding that they would be liable for such claims and it was their duty to see that such claims were paid, and when they failed to do so, there was a breach of the bond.

The suit here is brought by the person designated by the law in the first instance and perhaps the only one

who can maintain the action. It is true that under section 5593, *supra* (4247), when the suit is brought by the laborer or material man on his own relation, a demand must be first made of the contractor. There the suit is brought by a person not a direct party to the bond. Here the suit is brought by the person designated by the law, and one whom the appellants knew, when they executed the bond, would be entitled to enforce it. While in the other case the laborers are unknown at the time the bond is executed. The suit was a sufficient demand in this case.

It is also insisted that the court erred in overruling the appellants' motion to make the complaint more specific as to certain items of indebtedness. This motion was a joint one made by all of the appellants. These items, however, were all based upon the orders and certificates of indebtedness issued and signed by the contractors, and sufficiently advised the appellants of what they were required to meet.

It is lastly contended that an action will not lie upon the bond after certificates of indebtedness have been issued and transferred to third parties, and for the benefit of the holders of such indebtedness. There is no merit in this contention. The transfer or assignment of such claims carries with it all the rights given to the original holder.

We find no reversible error in the record.

Judgment affirmed.

GAVIN, C. J., dissents.

Filed March 11, 1896.