In re the PATERNITY OF C.E.B.

No. 84A05–0103–JV–108.

Court of Appeals of Indiana.

July 10, 2001.

Robert F. Hellmann, Terre Haute, IN, Attorney for Appellant.

## OPINION

MATTINGLY–MAY, Judge.

Lisa McKeehan (hereinafter "Mother") appeals an order after a bench trial granting custody of her minor child to Henning Becking (hereinafter "Father"). She makes one allegation of error, which we restate as whether the trial court abused its discretion when instructing the parties and the State that the prosecuting attorney's duties were limited to financial matters regarding the child.

We affirm.

## FACTS AND PROCEDURAL HISTORY

Mother gave birth to C.B. on February 12, 1992. The child resided with Mother from birth until this action concluded at the trial court level. Mother initiated paternity proceedings through the prosecuting attorney on June 9, 2000, by the filing of a paternity action naming Father as the child's natural father. At hearings on July 12, 2000, and August 30, 2000, the trial court advised Mother to hire an attorney to proceed with her case and also advised Mother that the prosecutor's presence as the child's representative was "to monitor things like Medicaid and support and those sort of things." (R. at 78.)

At the August 30, 2000 hearing, Father acknowledged paternity, and temporary child support and visitation was determined. After Mother's arrest on September 7, 2000, for operating while intoxicated, possession of marijuana, and carrying a gun without a license, Father filed a petition seeking temporary custody. The trial court held evidentiary hearings on September 25, 2000 and November 6, 2000, at which Father was represented by counsel, Mother was unrepresented, and the prosecuting attorney did not appear. The trial court later issued an order awarding Father temporary custody of the minor child beginning on November 17, 2000. Mother then brought this appeal.

## DISCUSSION AND DECISION

■ At the outset, we note that Father did not submit an appellee's brief. In such a situation, we do not undertake the burden of developing arguments for the appellee. Applying a less stringent standard of review with respect to showings of reversible error, we may reverse the lower court if the appellant can establish *prima facie* error. *Fisher v. Board of Sch. Trustees*, 514 N.E.2d 626, 628 (Ind.Ct.App.1986). *Prima facie*, in this context, is defined as "at first sight, on first appearance, or on the face of it." *Johnson County Rural Elec. Membership Corp. v. Burnell*, 484 N.E.2d 989, 991 (Ind.Ct.App.1985). Where an appellant is unable to meet that burden, we will affirm. *Blair v. Emmert*, 495 N.E.2d 769, 771 (Ind.Ct.App.1986).

■ Mother argues that the minor child was deprived of due process because the prosecuting attorney did not represent the interests of the child in the custody action. She attributes this failing in part to the trial court for its statement in court after Mother requested that the trial court call the child's teachers and others as witnesses. The trial court responded as follows to Mother's request:

> [Y]ou ought to be getting an attorney. You should not come in here on a custody case unrepresented. [The deputy prosecutor] cannot do that. She is here to monitor things like Medicaid and support and those sort of things and that's all she's required and permitted to do.

(R. at 78.) Although Mother initially frames the issue as one of due process, she makes no argument regarding due process in her brief. Therefore, we consider her claim of a due process violation to be waived. We also note that Mother made

no such claim of error at the trial court level; therefore, this issue is waived on appeal. However, we choose to address the issue of whether a prosecutor has a duty to represent a child throughout all phases of a case begun as a paternity action.

At all the hearings Mother attempted to present evidence that the minor child had been physically abused by Father. She now argues that the prosecuting attorney was obligated to defend the child, and thus presumably to investigate these allegations of abuse, under Ind.Code § 31–14–4–2, which provides in part as follows:

(a) Upon the request of ... the mother or expectant mother ... the prosecuting attorney shall file a paternity action and represent the child in that action.

We find that the prosecutor performed all her duties under this statutory section. The crucial distinction Mother fails to note is that between a paternity case and a custody case. In this case, the prosecutor did appear and represent the child in all matters related to the establishment of paternity through final hearing on paternity under Ind.Code §§ 31–14–1 through 31–14–9. The prosecutor appeared at the initial hearing on the Petition to Establish Paternity held on July 12, 2000; Father requested a continuance to hire an attorney at that hearing. At the next hearing on August 30, 2000, paternity was established; the prosecutor also appeared and represented the child's interests at that hearing.

■ What the prosecutor did not do is continue to represent the child after paternity was established, and the case moved onwards to a determination of custody, support, and visitation following Father's Request for Temporary Custody. Ind. Code § 31–14–10–1 provides for the determination of custody, visitation, and support after the establishment of paternity:

Upon finding that a man is the child's biological father, the court shall, in the initial determination, conduct a hearing to determine the issues of support, custody, and visitation. Upon the request of any party or on the court's own motion, the court may order a probation officer or caseworker to prepare a report to assist the court in determining these matters.

There is no language in this statute requiring the prosecutor to represent the child through the continuing phases of a custody case after a finding regarding paternity is entered. We decline to engraft such a requirement onto the statute.

■ We find no error in either the trial court's statement regarding the prosecutor's duties or in the prosecutor's non-appearance at the custody hearings held on September 25, 2000, and on November 6, 2000.

Affirmed.

SHARPNACK, C.J., and KIRSCH, J., concur.