Donna GERMANN, Appellant–Intervenor,

v.

TOM'S 24–HOUR TOWING, INC., Appellee.

No. 20A03–0207–CV–221.

Court of Appeals of Indiana.

Oct. 18, 2002.

Robert W. Mysliwiec, South Bend, IN, Attorney for Appellant.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

Donna Germann appeals the trial court's order that her $7,000 payment to the Clerk of the Court or the Sheriff of Elkhart County—paid by her to ensure the appearance of her son Richard Bowen in the proceedings supplemental action by Tom's 24–Hour Towing ("Tom's") to collect on its $6,700.00 judgment against Bowen Prod-

1. The trial court dismissed Richard Bowen individually from the action after finding he had "no direct interest in the case." (App.11).

2. Germann's brief states that Bowen "was an officer" of Bowen Products, Inc. (Germann's Br. at 6).

ucts, Inc.—be forfeited to satisfy that judgment.

We reverse.

### ISSUE

Whether the trial court erred in ordering forfeiture of the bond.

### FACTS

On May 15, 2000, trial was held on Tom's claim against Bowen Products, Inc. Tom's alleged that it had cleared an Elkhart highway of steel beams spilled by Bowen Products' overturned trailer, towed the trailer and beams to its service area, and had not been paid for that work and subsequent storage of the items. The jury returned a verdict against Bowen Products, Inc. and for Tom's in the amount of $6,700.00.[1]

On July 10, 2000, Tom's filed a motion for proceedings supplemental on the judgment against Bowen Products. The trial court ordered Richard Bowen to appear for a hearing as to "property subject to execution." (App.47).[2] On October 10, October 31, and December 12, 2000, Bowen appeared before the trial court; on the latter date Bowen was "examined as to income and assets." (App.14). At the next hearing, on January 16, 2001, Bowen did not appear, and the trial court issued a body attachment order for him with cash bail in the amount of $7,000.[3]

On March 5, 2001, the Elkhart County Sheriff served the body attachment and arrested Bowen. His mother, Donna Germann, posted $7,000 in cash as bond to obtain his release.

3. At this hearing, Tom's orally requested that Bowen, Elkhart Industrial Fabricating, Inc., and Bowen Fabricating, Inc. be joined as defendants, a motion that it submitted in writing on February 26, 2001. The record does not indicate any ruling by the trial court on that motion before its order of body attachment.

Hearing was set for March 6, 2001, and Bowen appeared. Tom's requested garnishment of the cash bond, and argument was subsequently heard. Thereafter, Germann intervened and filed a motion for release of the bond, asserting that she had posted the cash bond after which Bowen had appeared in court as ordered on March 6, 2001.[4] She attached her affidavit, averring that she had "posted, from [her] own personal assets," the $7,000 "cash bond ... in order to secure the release of [her] son from jail,"[5] and her receipt for the $7,000 paid. The trial court held two hearings on the issue and then ordered the $7,000 bond "applied to the satisfaction of the judgment." (App.74).

### DECISION

■ Initially, we note that Tom's has not filed an appellee's brief. Therefore, we do not develop arguments on its behalf. *See Paternity of C.E.B.*, 751 N.E.2d 329, 331 (Ind.Ct.App.2001). We also apply a less stringent standard of error with respect to showing reversible error, to wit: "we may reverse the lower court if the appellant can establish *prima facie* error." *Id.* In this context, *prima facie* means "at first sight, on first appearance, or on the face of it." *Id.* (quoting *Johnson County Rural Elec. Membership Corp. v. Burnell*, 484 N.E.2d 989, 991 (Ind.Ct.App.1985)).

■ Germann argued to the trial court that she was entitled to the return of the cash bond she had posted pursuant to *J.J. Richard Farm Corp. v. State*, 642 N.E.2d 1384 (Ind.Ct.App.1994), and *Turner v. Clary*, 606 N.E.2d 878 (Ind.Ct.App.1993). (App.70). In *Richard Farm*, the farm had posted $50,000.00 cash bail for a defendant,

after which the defendant "attended all scheduled court appearances." *Id.* at 1385. A motion for attachment against the bond was filed, seeking to recover a child support arrearage owed by the defendant. The farm intervened, asserting ownership of the $50,000 posted in cash and requested the return of the money. The trial court denied the farm's request for return of the entire $50,000, instead ordering that the sum returned to the farm be reduced by the amount of the child support arrearage and expected appellate costs. We reversed, holding that the trial court erred when it failed to order the $50,000 cash returned to the farm. Citing *Turner*, 606 N.E.2d 878, we noted that "in Indiana, a third party who posts cash bail for another does not lose his or her interest in the money and is entitled to its return if the defendant appears in court as required." 642 N.E.2d at 1387 n. 1.

Tom's argued to the trial court that Germann's authority was "not applicable to this case" but presented no authority for its request that the bond should be attached "in furtherance of the judgment." (App.62).

■ Pursuant to *Richard Farm* and *Turner*, Germann has established *prima facie* error in the trial court's denial of her motion for return of the bond to her. *See C.E.B.*, 751 N.E.2d at 331. Moreover, we consider the terms of the bond itself, which states that "Richard Bowen shall appear on the 6th day of March, 2001" and "abide the order of the Court, until said cause is determined...." (App.54). The bond continues, "If the above named defendant shall not appear ... the Court shall thereupon declare this bond to be forfeited...." *Id.* A bond "is regarded as a

---

4. She also noted that he had previously appeared on December 12, 2000, to answer as to income and assets of Bowen Products, Inc.

5. Germann also averred that she had never been a shareholder, officer, or director of Bowen Products, Inc., Elkhart Industrial Fabricating, Inc., or Bowen Industrial Fabricating, Inc.

contract, and is to be construed, like other contracts, according to the fair import of the language used." 4 I.L.E. *Bonds* § 8 (1958). And the extent or limitation of the liability incurred by the parties "due a bond is fixed by the legal import of its terms and conditions, which should be construed according to the ordinary and reasonable meaning of the language employed." *Id.* (citing *Lane v. State ex rel. Taylor,* 14 Ind.App. 573, 43 N.E. 244 (1896)).

The terms of the bond specify that the $7,000 posted by Germann would be forfeited only if Bowen should fail to appear as ordered by the trial court. Because there was no such failure to appear, Germann's motion for return of the $7,000 should have been granted.

We reverse.

BROOK, C.J., and KIRSCH, J., concur.